MAMIE H. ALLEN v. L. R. POWELL, JR., and HENRY W. ANDER-
SON, as Receivers of Seaboard Air Line Railway Company, a cor-
poration.

12 So. (2nd) 378                           January Term, 1943
March 2, 1943                               Division A
Petition for Rehearing Denied April 1, 1943

444

*Clyde Allen* and *Evan T. Evans,* for appellant.

*Fleming, Jones, Scott & Botts* and *Charles R. Scott,* for appellees.

TERRELL, J.:

Appellant's husband was killed while on duty in the employment of appellees. This action was brought to recover damages on the theory that his death was due to defendant's negligence. The trial resulted in a verdict and judgment for $5000. Inadequacy of the verdict is the sole question brought here for review.

The deceased was sixty-two years old, was earning approximately $150 per month as a, carpenter and had been in the employment of defendants for many years. Besides his wife who is fifty years old, he had a daughter thirteen years old dependent on him and was shown to be a man of exemplary character in every respect. At a former trial, the jury awarded $15,000 damages.

The declaration alleged that deceased was brushed off the running board of a locomotive of defendants by a fellow employee in an attempt to pass him and that the injuries

received from the fall resulted in his death. The evidence was in sharp conflict on this point. One witness for the plaintiff swore positively that death resulted in the manner charged in the declaration while a witness for defendant testified that he saw deceased mount the steps leading to the running board of the locomotive and that as he attempted to step from the top of the steps to the running board, he fell backward and was killed. It seems that the testimony of this witness was not before the jury in the first trial and the testimony of the plaintiff's witness was discredited.

Under the comparative negligence rule, Section, 768.06, Florida Statutes of 1941, if the jury believed defendant's witness, there was no theory under which it could find a verdict against defendant if the death was caused by his own negligence as his evidence would seem to indicate. On the other hand, if it believed plaintiff's witness, there was shown to be no basis for the apportionment of damages. If death resulted in the manner testified by defendant's witness, the declaration would not support the judgment. There must be some rational predicate for a jury's verdict but in this state of the law, we fail to see it in this case.

Under the law of this State, a motion for new trial on the ground of inadequate damages stands in exactly the same position as a motion for new trial on the ground of excessive damages. Under both the early English and American Common Law, new trials were never granted for inadequacy of damages but the universal trend of modern decisions is to place them on the same footing. American Jurisprudence, Volume 39, page 153.

On thorough examination of the issues presented, the evidence and the law affecting them we have an abiding conviction that the jury was confused as to the law governing their duty and that the end of justice will be best served by granting a new trial. The judgment is accordingly reversed and a new trial awarded.

Reversed.

CHAPMAN, and ADAMS, JJ., concur.

BUFORD, C. J., concurs specially.

446

BUFORD, C. J., concurring specially:

As I read the record in this case the plaintiff was either entitled to recover substantially more than the amount of the verdict or was entitled to recover nothing. The jury having resolved the right of recovery in favor of the plaintiff the amount fixed in the verdict was grossly inadequate.