**H. B. HARRELL v. RAYMOND L. BISHOP, and MARGET H. BISHOP, his wife.**

33 So. (2nd) 152          June Term, 1947

January 6, 1948          En Banc

*H. L. Pringle,* for appellant.

*Walter Warren,* for appellee.

BUFORD, J.:

In a suit for commission earned as a real estate broker the declaration was in four common counts and one count on contract claiming 6½ per cent commission on a sale in which the purchase price was $25,750.00 or $1,609.37.

Defendants filed pleas of never was indebted as alleged to the common counts and plead as to fifth count,

"1. That they did not promise as alleged and

"2. That the plaintiff did not procure a purchaser ready, able and willing to purchase defendants' property upon terms and conditions agreeable to the defendants,"—and then plead,

"And for further plea to the first, fourth and fifth counts of plaintiff's declaration and each of them severally, defendants say:

"1.   That plaintiff did not furnish the services as alleged."

On the declaration and such pleas, trial was had.

There was evidence to show the purchase price, for which plaintiff found and procured to defendant, was $25,750.00; there was evidence tending to prove that plaintiff was entitled to recover 5% of the purchase price under the common counts, and evidence tending to prove that plaintiff was entitled to recover 6½% of the purchase price under the fifth count.

There was no evidence tending to prove that plaintiff (if entitled to recover at all) was entitled to recover less than 5% of the purchase price agreed upon.

The jury returned a verdict and judgment was entered thereon for $250.00.

Plaintiff appealed.

There is found no basis in the record for the amount of the verdict returned by the jury.   If the plaintiff was entitled to recover at all he was entitled to recover either 5% or 6½% of the agreed purchase price.

There must be some rational predicate for a jury's verdict. Allen v. Powell, 152 Fla. 443, 12 So. (2nd) 378; Miller v. Mariner's Church, 7 Mo. 51; 20 Am. Dec. 341; Hackett v. Pratt, 52 Ill. App. 346.

For the reason stated, the judgment is reversed and the cause remanded for new trial.

So ordered.

THOMAS, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.

SEBRING and BARNS, JJ., dissent.
BARNS, J., dissenting:

Plaintiff-appellant was a broker and had a listing on defendants' property, which had been cancelled, but defendants, on being advised by plaintiff that he had a prospect, invited negotiations which resulted in the defendants-appellees-owners entering into a contract with special terms relating to a sale.

It had not been made to appear whether either the vendor or the vendee has been put in default under this contract of sale, but it has been made to appear that the sales contract has not been consummated and that there is a controversy between the sellers-defendants and the prospective purchaser.

A provision of the contract between the vendor and vendee was as follows:

"Said deferred payments shall be secured by a first Mortgage on the above described property and so long as the total unpaid amount of the purchase price exceeds $12,875.00, Buyer shall maintain on deposit with First National Bank of Leesburg, Florida, as Escrow Agent, negotiable securities having a *current market value equal to* the difference between said $12,875.00 and the total of unpaid purchase price, Buyer shall have right of substitution as to such securities and when unpaid balance of purchase price shall have been reduced to $12,875.00 or less all such securities shall be released to Buyer (or his nominee) and said Escrow shall thereupon terminate and end." (Italics supplied).

The evidence shows that the vendee wishes to take advantage of the foregoing provision and tendered or offered some Mt. Vernon Preferred Stock, the exact identity of which is not established by the record. The vendor refused to accept this stock, which resulted in a stalemate insofar as the closing of the sale was concerned. The contract called for the substitution of "negotiable securities having a current market value equal to the difference between said $12,875.00 and the total of unpaid purchase price." If it had been established that the Mt. Vernon Preferred Stock had a current market value of the specified amount and, if the amount had been sufficient, it might have then been as well assumed that the appellant here and plaintiff below had found a purchaser ready, able and willing to buy, and that the vendor was in default with his purchaser, and the liability, according to the expressed contract, would have been established. However, as it is now, it appears to me that plaintiff has failed to establish that he has found a purchaser ready, able and willing to buy and that the verdict of $250.00 was in equity and good conscience and law adequate compensation for the payment of

his services rendered pursuant to an expressed contract which has not been fully performed. To state it otherwise, if the defendant-vendor had appealed the case instead of the plaintiff-appellant, it appears that we would have been compelled to reverse the case. It is clear that the only reason that the vendor did not appeal is because he is willing to pay $250.00 to rid himself of the suit, which is of course the exercise of good judgment. If the plaintiff has recovered $250.00, when the evidence shows he is not entitled to anything, he has no grounds for complaint in this court.

" ' . . . That in *general assumpsit* the cause of action is *never* based upon an express contract no matter whether there was an express contract or not. The recovery is based upon the implied contract to pay. The contract will prevent the plaintiff from recovering beyond the contract price, but cannot be used by him to prevent the defendant from proving *mitigating* facts under this count . . . ' " (Italics supplied).

Hazen v. Cobb, 96 Fla. 151, 163.

The plaintiff here, according to the evidence has brought a bill of interpleader against both vendor and vendee in respect to funds in his hands representing the down payment on the contract.

The plaintiff has sued on the common counts and on a special count.

As to the common counts, or general assumpsit, they are often referred to as "equity counts" and the defendant is held liable to the extent to which in equity and good morals he ought to pay. In this respect, it is stated in R. C. L. as follows:

"The action of general assumpsit is an equitable one, being in the nature of a bill in equity, and therefore is subject to the rule of moral obligation, which binds the conscience. The plaintiff must show that everything is fair and honest on his part, and it is a general rule, and where the consideration is a valuable and conscientious one, a promise to pay on it will not only be binding, but will also remove any legal bars which the undertaker previously had in his favor against a recovery. Thus if in conscience a defendant ought to pay, a promise to pay, when there is a consideration, will give a remedy."

2 R. C. L., p. 746.

The leading case on the common counts in this State seems to be that of Hazen v. Cobb, 96 Fla. 151, 117 So. 853, Headnote 14 of which reads as follows: ·

"Where there has been a special contract, and the plaintiff brings *general assumpsit,* the special contract is not the ground of plaintiff's right of recovery, though it may in many cases be admissible in evidence as pertinent to the amount of such recovery, as bearing upon such questions as the value of services actually performed or materials furnished by the plaintiff and accepted by the defendant."

The case of Hazen v. Cobb, supra, was a case which dealt with the sufficiency of the declaration based on the common counts and a special count growing out of an alleged breach of a written contract.

SEBRING, J., concurs.