55 So.2d 714 (1951)
GOLDEN
v.
MORRIS.
Supreme Court of Florida, en Banc.
December 18, 1951.
Fisher & Hepner, Pensacola, for appellant.
R.H. Merritt, Pensacola, for appellee.
CHAPMAN, Justice.
Jesse James Morris, plaintiff-appellee, filed in the Court of Record of Escambia County, Florida, a complaint against the defendant-appellant for the purpose of recovering the sum of $1,250 paid by Morris to Golden. The complaint consists of the common counts and are viz.:
"1. That prior to the institution of this suit, to-wit: Between the dates of December 23rd, 1949 and January 13, 1950 in Escambia County, Florida, the defendant became indebted to the plaintiff and at the time of the institution of this suit is so indebted in the sum of $1500.00 which was due in and prior to the institution of this suit, with interest thereon, from December 23, 1949 for money received by the defendant for the use of the plaintiff.
"2. And in a like sum of $1500.00 and interest thereon, as aforesaid for money loaned by the plaintiff to the defendant.
"3. And in a like sum of $1500.00 for money paid by the plaintiff to the defendant at his request, and interest thereon as aforesaid.
"4. And in a like sum of $1500.00 for money found to be due from the defendant to the plaintiff on account stated between them, with interest thereon as aforesaid.
"Yet the said defendant has not paid the same nor any part thereof, though often requested so to do, and the copy of the cause of action is attached hereto and made a part hereof.
"Wherefore, the plaintiff sues the defendant and claims damages in the sum of $2500.00."
The defendant-appellant by appropriate pleadings denied the several allegations of the aforesaid common counts, and a reply thereto was filed by the plaintiff-appellee. The issues made by the pleadings were submitted to a jury, which returned a verdict for the plaintiff-appellee in the sum of $1250. The motion for a new trial was duly presented and was by the trial court denied. A final judgment was entered for the plaintiff-appellee and the defendant below appealed.
*715 It appears by the record that counsel for defendant-appellant moved the trial court for a directed verdict at the time plaintiff-appellee rested his case. Counsel renewed this motion at the conclusion of taking of the evidence of the respective parties. The trial Court denied each of the motions and submitted the same to the jury, under appropriate instructions. On this appeal it is here contended that the trial Court erred in overruling these motions on the theory that the plaintiff failed to adduce sufficient evidence to sustain the verdict and judgment entered below.
We have read all the evidence appearing in the record, heard oral arguments at the bar of this Court, the briefs have been carefully examined and it is our conclusion that the verdict below rendered is contrary to the weight and preponderance of the testimony, when considered as a whole. It is true that the evidence discloses testimony as given by members of Morris' family to the effect that Golden stated in their presence that he would refund the $1500 to Morris. This was given largely as rebuttal testimony.
The testimony of some members of the Morris family must be weighed in the light of the receipt signed by Morris when T.J. Nicholas paid him $250. The receipt is viz.:

"Receipt
"Received of T.J. Nicholas, Two Hundred and Fifty dollars, being the total balance refund cash, due me, paid in on land bought from Willie Golden.
"I hereby sell and convey and deliver to T.J. Nicholas all claim I might have against said land, and any amounts that I have paid in on said option to buy said land, described below, N.E.1/4 of the N.W. 1/4 Sec. 15, TP 5 N.R. 29 West.
"Given under my hand this 9th day of Feb. 1950.
Witnesses
 his
W.S. Golden Jesse × Morris
 mark
J.L. Abbott
Sworn to and subscribed to before me this 9th day of Feb. 1950.
 J.L. Abbott 
 Justice of the Peace."
Our judicial system confers on juries broad and discretionary powers when considering a verdict based on disputes and conflicts in the testimony, but such a verdict as reached by a jury must rest upon evidence in the record which may be pointed out as constituting a reasonable foundation for the conclusion reached. The verdict must have a rational predicate in the evidence and cannot rest on a mere probability or guess, arbitrary action, whims or caprice. Babcock v. Flowers, 144 Fla. 479, 198 So. 326. If the evidence, considered as an entirety, fails to prove plaintiff's case under the issues as made, the trial Court should direct a verdict for the defendant. Dodson v. Soloman, 134 Fla. 284, 183 So. 825.
The judgment is reversed and a new trial awarded.
TERRELL, ROBERTS and MATHEWS, JJ., concur.
SEBRING, C.J., and THOMAS and HOBSON, JJ., agree to conclusion.