## PATTERSON v. COOPER.

Circuit Court, Dade County, Civil Appeal.

January 27, 1955.

Durant & Durant, Miami, for appellant.

Charles J. Bodner, Miami, for appellee.

GEORGE E. HOLT, Circuit Judge.

The appellee brought this action in the civil court of record in two counts. In substance the first count was for the reasonable value of his services as an accountant based on the appellant's alleged promise to pay him a salary and a bonus. The second count was predicated on fraud in the inducement of employment. Appellant denied any bonus agreement or fraud and counterclaimed in the amount of $334 for monies advanced and merchandise sold to appellee. A verdict was returned by the jury for appellee in the amount of $1,125. Appellant moved for a new trial which was denied, and brings this appeal.

In support of the first count appellee testified that appellant agreed to pay—"a small salary, beginning at $45 a week with periodic raises and also a share of his profits, which he (appellant) termed a bonus, every year, a fair bonus based on his (appellant's) earnings." This testimony was not controverted. Appellee further testified that he received the periodic raises; that he never received any bonus during the term of his employment of approximately 57 weeks; and that the value of his services was $125 a week.

Appellant's two witnesses testified that the maximum value of appellee's services was $50 and $75 a week, respectively.

Appellant contends that the agreement to pay a bonus, if any, is unenforceable for the reason that there was no understanding as to any amount. He also contends appellee was entitled to recover $3,194 (the difference between 57 weeks at $125 a week and the amount he was paid for the same period), $344 (the difference between 57 weeks at $75 a week and the amount he was paid), or nothing at the rate of $50 a week since he received more than that amount weekly—that therefore, there was no rational predicate for the jury's verdict. It is also further contended that the trial court erred in failing to instruct the jury to return a verdict for appellant as to appellee's fraud count—though the court had granted appellant's motion for a directed verdict.

The agreement to pay a bonus in this case is unenforceable, as the appellant argues, for the reason that its terms are indefinite and uncertain. Petersen v. Pilgram Village (Wis.), 42 N.W. 2d 273, 18 A.L.R. 206; Gray v. Aiken (Ga.), 54 S.E. 2d 587; Mackintosh v. Thompson (App. Div.), 68 N. Y. Supp. 492; Varney v. Ditmars (N. Y.), 111 N.E. 822, Ann. Cas. 1916B 768.

Appellee may nevertheless recover in quantum meruit for the reasonable value of his services. Von Rietzenstein v. Tomlinson (N.Y.), 162 N.E. 584; Bluemner v. Garvin (App. Div.), 104 N.Y. Supp. 1009; Canet v. Smith (App. Div.), 159 N.Y. Supp. 593; Bogy v. Berlage (App. Div.), 38 N.Y. Supp. 2d 584.

As to his objection that there was no rational predicate for the jury's verdict, appellant cites Harrell v. Bishop (Fla.), 33 So. 2d 152, as controlling. In that case there was a count on an express contract to pay a real estate broker 6½% of the selling price, and there was a common count on an implied contract for the reasonable value of the broker's services, which, according to custom and usage, was 5% of the selling price. The jury brought in a verdict for $250 for the broker. In reversing the judgment the Supreme Court said at page 153—"There was evidence to show the purchase price, for which plaintiff found and produced to defendant, was $25,750; there was evidence tending to prove that plaintiff was entitled to recover 5% of the purchase price under the common counts . . . There is found no basis in the record for the amount of the verdict returned by the jury. If the plaintiff was entitled to recover at all he was entitled to recover either 5% or 6½% of the agreed purchase price. There must be some rational predicate for a jury's verdict."

That case may be readily distinguished from the case now before me—for in that case the claim was for liquidated damages. Appellee's claim was for *unliquidated* damages—thus the jury had the authority and discretion to determine, within the limits of the evidence, the amount of his damages. See High v. Lenow (Tenn. 1953), 258 S.W. 2d 742; also the annotations in 31 A.L.R. 1091 and 174 A.L.R. 765.

Further, appellant cannot now object that the lower court erred in failing to instruct the jury that his motion for a directed verdict was granted as to appellee's second count. The record discloses that appellant failed to submit any request (either oral or written) to the court that the jury be instructed to return a verdict for him on the second count. Common law rule 39(b) (adopted January 1, 1950), in effect at the time of the filing of this action and controlling of this point, provides—"Not later than at the close of the evidence, or at such earlier time during the trial as the Court may reasonably direct, it shall be the duty of parties to the cause to file written requests that the Court instruct the jury on the law as set forth in such requests . . . No party may assign as error . . . the failure to give an instruction unless he shall have requested the same." Affirmed.