110 So.2d 715 (1959)
Norman LINGARD, d/b/a Tropical Aircraft Repair, Appellant,
v.
A. KIRALY, Appellee.
No. 58-333.
District Court of Appeal of Florida. Third District.
April 16, 1959.
*716 Dixon, DeJarnette, Bradford & Williams, James A. Dixon, Jr., and Frank A. Howard, Jr., Miami, for appellant.
Edward J. Dirse, Coral Gables, for appellee.
PEARSON, Judge.
The appellant was defendant in an action brought by the appellee for alleged tortious interference by defendant with plaintiff's employment. Plaintiff received a jury verdict and from the final judgment this appeal is taken. The appellant assigns as error the trial judge's denial of appellant's motion for a directed verdict made at the close of all of the evidence. We find the motion well founded because of plaintiff's failure to prove that defendant's action was the proximate cause of the damages proved, i.e., plaintiff's loss of his employment.
It is the plaintiff's contention that he was discharged from his employment because of a false affidavit made by the defendant. This affidavit contained the charge that plaintiff had solicited and accepted from the defendant an unauthorized commission in return for a price consideration upon a sale of property belonging to plaintiff's employer. The testimony, as to the truth of the affidavit, is in conflict. Upon consideration of a motion for directed verdict, the evidence will be considered in the light most favorable to the party against whom the directed verdict is sought. Therefore the jury must be presumed to have found the affidavit false. We must next consider whether the evidence, viewed in the same light, establishes that the defendant's action of giving the affidavit was the proximate cause of the discharge.
The undisputed testimony of the responsible officers of the employer was that upon suspicion of plaintiff's wrongdoing they went to defendant's place of business in order to interrogate him regarding the nature and extent of his business relationship with their employee, the plaintiff. After the interview, an investigator prepared an affidavit, which contained defendant's statements concerning the alleged wrongdoing of the plaintiff. The defendant at plaintiff's employer's request, executed the affidavit. Subsequent investigations of the plaintiff were conducted. He was also interrogated by company officials for the purpose of receiving his explanation of the statements made by the defendant. After the conclusion of the investigations and interviews, the plaintiff was discharged. The personnel director testified that the decision to terminate plaintiff's employment was based upon: 1) plaintiff's failure to contribute any explanation other than a flat denial, 2) plaintiff's evasive answers to direct questions.
The courts of this state have long recognized the right of a person to pursue his employment free from malicious interference. See Chipley v. Atkinson, 23 Fla. 206, 1 So. 934; Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726; Faulk v. *717 Allen, 152 Fla. 413, 12 So.2d 109; Regan v. Davis, Fla.App. 1957, 97 So.2d 324. Nevertheless a cause of action does not arise from every discharge even though information which in some way contributed to the final result may have been gathered from members of the public. In this connection it is noted that the record contained no proof of express malice. It was not established that the defendant made the affidavit for the purpose of interfering with plaintiff's employment. Upon the contrary it was clearly demonstrated that the making of the affidavit was the idea and product of the employer. There was no proof of direction, suggestion, or request by the defendant to plaintiff's employer that plaintiff be discharged.
We do not suggest that express malice or a proved purpose are essential to the action, but their absence does suggest that the causal relationship between the act complained of and the discharge must be proved in some manner. The plaintiff must be required to prove his case and a jury verdict cannot remedy his failure to do so. See Babcock v. Flowers, 144 Fla. 479, 198 So. 326; Allen v. Powell, 152 Fla. 443, 12 So.2d 378; Golden v. Morris, Fla. 1951, 55 So.2d 714.
In seeking to hold the defendant liable for damages for tortious interference with plaintiff's employment the plaintiff must establish, by the evidence, that the employment of plaintiff was terminated because of defendant's act. The only evidence in the record that would in any way suggest that plaintiff was discharged because of the allegations of defendant's affidavit is a notation upon the payroll change notice signed by plaintiff's immediate superior (who was not the officer who discharged plaintiff) which reads as follows: "Gross misconduct involving the handling of company materials and the sale thereof." Whether the comment, by one who was not the discharging officer, refers to the allegations contained in the affidavit or to conclusions reached because of the investigation and interviews, is not established by the evidence and therefore is too speculative to provide the essential connection between the defendant's affidavit and plaintiff's discharge. The judgment is reversed.
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.