152 So.2d 789 (1963)
Emily DUQUETTE, a widow, Appellant,
v.
Ira Eugene HINDMAN, Jr., and Donald Hubert Putnam, Appellees.
No. D-406.
District Court of Appeal of Florida. First District.
May 7, 1963.
*790 Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for appellant.
John L. Sewell of Gurney, Gurney & Handley, Orlando, Howell, Kirby, Montgomery & Sands, Daytona Beach, for appellees.
STURGIS, Acting Chief Judge.
The appellant, Mrs. Emily Duquette, plaintiff below, seeks reversal of a judgment for $1,500.00 entered in her favor against the defendant-appellees pursuant to verdict of the jury in her action under Sections 768.01, 768.02, Florida Statutes, F.S.A., for damages arising out of the alleged wrongful death of her husband, it being appellant's contention that the damages awarded are grossly inadequate.
A careful review of the record in this cause produces the inescapable conclusion that the damages established by the evidence substantially exceed the amount awarded by the jury, and that it must be presumed that the verdict was the result of mistake, misapprehension, oversight, or misconduct such as passion, prejudice, or partiality on the part of the jury. Florida adheres to the modern rule, under which relief should be granted where the finding is "grossly" inadequate and the compensation given is entirely disproportionate to the injury which is proved to have been sustained, or when it appears, upon the facts proved, that the jury must have omitted to take into consideration some of the elements properly involved in the plaintiff's claim. 39 Am.Jur., p. 153, New Trial, § 147. In 9 Fla.Jur., Damages, § 100, the Florida rule is stated as follows:
"A verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages, and may be set aside on this ground either on appeal, or by the trial court on motion for a new trial. Such verdicts will not be set aside for the mere reason that they are less than the court thinks they should be,  that is, merely because the judge would have awarded a larger amount. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence, or that the jury did not consider all the elements of damage involved, missed a consideration submitted, or failed to discharge their duty as given them by the court's charge."
Allen v. Powell, 152 Fla. 443, 12 So.2d 378 (1943), was an action by the wife to recover damages for the negligent death of her husband who was a 62-year-old carpenter earning approximately $150.00 per month and a man of exemplary character. Plaintiff was 50 years old and the parties had a 13-year-old daughter. Although the evidence was in sharp conflict on the question of liability, the jury rendered a $5,000.00 verdict for plaintiff. In reversing for a new trial, the Florida Supreme Court said that it had "an abiding conviction that the jury was confused as to the law governing their duty * * *", and Buford, J., specially concurring, said that "the plaintiff was either entitled to recover substantially *791 more than the amount of the verdict or was entitled to recover nothing." His observation precisely fits the conclusion we have reached upon a careful review of the record in the case on appeal.
In Utley v. Southern Metal Products Co., 116 So.2d 28 (Fla.App., 1959), plaintiff suffered substantial personal injuries, permanent in nature. Her medical expenses totaled $2,024.34. The jury awarded $5,000.00 damages, and in reversing for a new trial the Florida Supreme Court said:
"The question here, therefore, is not whether the verdict is such a sum that had this court been sitting as a trier of the case, we would have given a greater sum, but whether the verdict `was induced by prejudice or passion, some misconception of the law or the evidence, or that the jury did not consider all the elements of damage involved.' We can speculate as to how the jury arrived at its verdict, but that is beside the point in this case. As stated by Judge Allen of this Court in the case of Andrews v. Cardosa, Fla.App. 1957, 97 So.2d 43, 46:
"`* * * The test is not what an Appellate Court would have decided had they tried the case, but whether or not they can say, after viewing the case, that the jury as reasonable men could not have found the verdict which they did. * * *.'
"While we cannot say that the verdict was induced by prejudice or passion, it is obviously in such an amount that the jury must have labored under a misconception of the law or the evidence, or that they did not consider all the elements of damage involved. Sorg v. Royal, Fla. 1949, 41 So.2d 317."
More recently, in Holland v. Hall, 145 So.2d 552 (Fla.App. 1962), this court reversed a judgment based on a jury award of $1,088.95 in an action under the Death by Wrongful Act Statute. In that case the agreed amount of the funeral expenses was $988.95, so that the verdict reflected an award of only $100.00 for the other damages suffered by plaintiff.
In reviewing those cases which are reversed on the ground that damages awarded are grossly inadequate, it is usually found that the facts on which liability is predicated are such that it is not difficult to presume that the jury most likely determined that it was skating on thin ice, to put it mildly, in finding for the plaintiff, and the suspicion persists that such lack of conviction is compensated for by passing out a few crumbs rather than the whole loaf to the plaintiff. These considerations, though nebulous, indicate that upon reversal of such judgments, the ends of justice under the law will best be served by awarding a new trial on the question of liability as well as damages, and it is so ordered in this case.
Reversed.
RAWLS, J., and WAYBRIGHT, Associate Judge, concur.