HOBSON, Judge.
Plaintiffs-appellants, a minor and his father, appeal a final judgment entered in favor of defendant-appellee and against plaintiffs-appellants on defendant’s motion for judgment notwithstanding verdict.
This is a negligence action for damages suffered by the minor plaintiff arising from injuries sustained when a motorcycle operated by him collided with an automobile operated by the appellee herein.
The issues presented at trial concerned the alleged negligence of defendant-appel-lee and alleged contributory negligence of the minor plaintiff-appellant.
At the trial, the minor plaintiff was able only to testify: that he was operating his motorbike near the location of the accident; that he was unaware of any other traffic on the highway; and that the last thing he remembered before waking up in the hospital several days later was passing a 7-Eleven store a few blocks up the street from where the accident occurred. He was not able to recall anything else due to a severe fractured skull he received in the collision. The only direct testimony concerning the accident was given by the defendant and the passengers in her car.
The defendant’s testimony was to the effect that she was operating her automobile in the southbound lane on the highway and was accompanied by her mother-in-law and a friend. She first saw the motorbike going south in the southbound lane on the highway when she was approximately two city blocks in back of it and estimated her speed and that of the motorbike at the time to be about 30 miles per hour. She stated she had no trouble seeing the motorbike and finally noticed that she was overtaking it. Defendant testified to closing within two car lengths of the motorbike and, at this point, the motorbike was on the righthand side of the southbound lane in front of the right front of her car. Defendant stated that the minor plaintiff then looked back at her, then to his front, and then the motorbike made a sharp turn to the left in front of her car. She applied her brakes but was unable to avoid the collision.
The defendant’s mother-in-law and the other passenger in defendant’s car testified to substantially the same facts as did the defendant.
Sergeant J. R. Miller of the Tampa Police Department conducted the investigation and further substantiated defendant’s testimony by testifying that the bulk of damage to the motorbike was done on the middle of its left side, indicating that was the point of impact.
It should be noted here that the validity of a judgment non obstante vere-dicto should be tested by the rules applicable to motions for directed verdicts. Smith v. Peninsular Ins. Co., Fla.App.1965, 181 So.2d 212, 19 A.L.R.3d 1326.
In an action to recover damages for injuries arising out of an accident, the plaintiff has the burden of proving specific acts of negligence on the part of the defendant which proximately contributed to the injury complained of. Babcock v. Flowers, 144 Fla. 479, 198 So. 326 (1940). Something more than a mere inference of negligence must be established by the plaintiff’s evidence as verdicts cannot be based on a mere probability or guess. They must rest upon evidence which can be pointed to in the record as constituting a reasonable foundation. Babcock v. Flowers, supra; Lingard v. Kiraly, Fla.App. 1959, 110 So.2d 715; Allen v. Powell, 1943, 152 Fla. 443, 12 So.2d 378; Golden v. Morris, Fla. 1951, 55 So.2d 714.
In the case at bar, the minor plaintiff was totally unable to testify of his own knowledge as to any material facts which *15 would show negligence on the part of the defendant.
Since verdicts must have a rational predicate in the evidence and cannot rest on a mere probability or guess, a trial court is under an affirmative duty to direct a verdict in cases where the evidence, considered as a whole, fails to prove the plaintiff’s case under the issues set forth. Dodson v. Solomon, 134 Fla. 284, 183 So. 825 (1938); Golden v. Morris, supra.
The plaintiff here has done nothing more than to show that a collision occurred. Negligence may not be inferred from the mere fact that an accident has taken place, unless coupled with surrounding circumstances from which a jury might lawfully infer negligence. Belden v. Lynch, Fla. App.1961, 126 So.2d 578.
No such circumstances as would permit a jury to lawfully infer negligence are present in the instant case. The general rule in this regard has been expressed in the following words:
“ * * * [I]t is elemental that at the trial the burden of proof rests on the plaintiff to establish by competent evidence each material fact essential to recovery and that upon failure to do so it is the duty of the trial court upon appropriate motion to take the case from the jury and direct a verdict for the defendant.” [Smith’s Bakery, Inc. v. Jernigan, 134 So.2d 519, 521 (D.C.A. Fla.App. 1st, 1961)]
Simply stated, the plaintiff has not sustained the burden of proving any specific acts of negligence on the part of the defendant which proximately caused the accident.
Even if plaintiff had established defendant’s negligence by competent evidence, the unrefuted testimony and other evidence in the record before us demonstrates that the minor plaintiff herein was contributorily negligent as a matter of law.
It is the law of this state that contributory negligence of a plaintiff in a negligence action is an absolute bar to recovery. Byers v. Gunn, 81 So.2d 723, Fla.1955.
In appellate proceedings, it is incumbent upon the appellant to demonstrate the errors of which he complains. If this burden is not met, the action of the trial court will not be disturbed.
We have carefully reviewed the trial testimony and depositions offered in evidence during the trial. Viewing this evidence as a whole and considering all the arguments set forth by appellants in their brief, we are not persuaded that appellants have demonstrated reversible error on the part of the trial judge in his granting defendant’s motion for judgment notwithstanding the verdict.
Affirmed.
ALLEN, A. C. J., and MANN, J., concur.