JOHNSON, 'Chief Judge.
The appellants appeal from a verdict and judgment in their favor, basically because the verdict was too small.
There is no dispute, apparently, as to liability, but only as to the amount of damage sustained. The verdict and judgment was for $8500.00.
It appears from the record that a home was purchased by appellants from the ap-pellee Nichols in October, 1965, in which the appellee Slade had installed a Bryant model furnace. In December, 1965, a fire occurred which did extensive damage to the home, which the appellants alleged in their complaint was caused through a faulty furnace or faulty installation, through negligence and which also constituted breach of implied warranty.
There was testimony by the appellant-plaintiff as to the value of the personal property damaged or destroyed, coupled with a list thereof. Also, appellant testified as to what the house cost him and what he thought it was worth after the fire. Also, he identified particular points of damage to the house from photographs filed in evidence. Later, a construction contractor testified as to the repairs he did to the house because of the fire damage. There was considerable cross-examination of the appellant and his witnesses, but there was no evidence submitted by the defendants to contradict the testimony of the contractor *511 as to the value of the work he did or the cost thereof, although there was questioning concerning the same as it related to the pictures. The jury found in favor of the plaintiff, but assessed damages at a lower figure than that testified to by the plaintiff and his contractor witness. Motion for new trial was denied and judgment entered on the jury verdict. Hence this appeal.
The appellants testified'a!s to the value of personal property damaged or destroyed totaling about $7,000.00. This consisted of wearing apparel, furniture, toys and such items. There was considerable cross-examination as to these items and the values placed thereon and some objections to certain values sustained by the court.
The appellant testified as to the damage to the house and garage and identified photographs and explained the alleged damages appearing in the photographs. He also testified that he employed a building contractor to repair the damage done by the fire, and the cost thereof was $13,500.00. His testimony thus claimed damages in excess of $20,000.00. There was practically no cross-examination of the appellant-plaintiff as to his claim of damages to the building.
The contractor repairing the fire damage to the building, identified his work as it related to the photographs in evidence and testified that he charged $13,500 for his work. He also testified that the work he did was repairing fire damage. He was not cross-examined about his work, the necessity therefor, nor the reasonableness of his charges.
The only evidence offered by either of the defendants below pertained solely to the question of liability and not to the extent of damages.
At no point was the amount of damages to the buildings controverted by the defendants.
As pointed out supra, the jury found against the defendants as to liability for the damages, but rendered a verdict for only $8,500.00 damages.
In their motion for a new trial, on the issue of damages, the appellants-plaintiffs below, alleged the usual grounds that the verdict with respect to damages is contrary to law and to the evidence. There was an alternative motion for a new trial on all the issues, based upon practically the same grounds. The trial court denied the motions and entered judgment. Hence this appeal.
We have carefully read all of the testimony and examined the evidence before the trial jury, and we cannot find any reasonable basis upon which the jury could have based the amount of its verdict for damages, without exercising its own expertise knowledge of the costs of repairs— or its own conclusion of the value of the property before and after the fire. The trial court specifically charged the jury, and correctly so, that “the measure of damage is the difference in the value of the property immediately before the fire and the value of the property immediately after the fire and the measure of damage for injuries to the building which is merely damaged and not destroyed, may be the cost to restore it to the condition it was prior to the time of the fire if such cost is reasonable or less than the depreciated value of the building.”
The appellees point out in their brief that the proper measure of damage is the difference in the value of the property immediately before and after the fire — 9 Fla.Jur., Damages, Sec. 66. This was so charged by the court. But, the only evidence before the jury on this point was the uncontra-dicted testimony of the appellant — namely $25,000-$26,000 before the fire and $10,000 after the fire. This testimony could not be completely overlooked by the jury in the absence of any contradictory or rebuttal testimony. There was not even any cross-examination of the appellant on this figure.
As to the contractor’s testimony, the appellees point out they could not contradict *512 because the repairs were made long before this suit was filed. This is true, but at the trial the defendants did not question the contractor or cross-examine in an effort to determine the correctness thereof. Harrell v. Bishop, 160 Fla. 3, 33 So.2d 152, is applicable to facts similar to this case. Opinion evidence is not relied upon as to the repairs to the building. Actual cost figures for the work done was submitted which did not call for an opinion.
 The plaintiff’s evidence was not even questioned by the defendants insofar as the reasonableness of the repairs — the costs thereof, or the necessity therefor. The appellees point out in their briefs that the jury could view the photographs and form their own conclusion as to the need and reasonable costs to repairs. We think the law is well settled contrary to the ap-pellees’ contention in this respect. Wig-more Evidence 3d Ed., Vol. 3, sec. 793, p. 186, cited by appellants, contains the majority view as to the value of photographs as evidence and the necessity for a human being testimonial in support thereof. Therefore, the jury had only the testimony of the plaintiffs and their building contractor to fix the value of damages. While it is true that a jury does not have to assess damages in the total prayed for or testified to by the plaintiff, there must be some rationale in the amount assessed by the jury and where it appears that the jury not only believed the plaintiff’s claims to be inaccurate and excessive, but so completely disregarded all the uncontroverted testimony as to actual damage, it brings us to the conclusion that the verdict must have been the result of mistake, misapprehension, or some other reason de hors the evidence.[1]
There being no question about the jury’s determination of liability, this point need not be retried, but in view of the jury’s failure to properly assess the damages in the light of the law of the case and the trial court’s instruction, the trial court erred in not granting a new trial on the question of damages and in entering the judgment on the verdict appealed.
Therefore, the orders appealed are reversed and the cause remanded to the lower court for a new trial on the issue of damages only.
Reversed and remanded.
WIGGINTON and SPECTOR, JJ., concur.

. Duquette v. Hindman, 152 So.2d 789 (Fla.App.1st, 1963).