549 So.2d 1125 (1989)
CONTINUUM CONDOMINIUM ASSOCIATION, INC., Etc., Appellant,
v.
CONTINUUM VI, INC., Equasion Contractors, Inc., et al., Appellees.
No. 88-3019.
District Court of Appeal of Florida, Third District.
October 10, 1989.
*1126 Siegfried, Kipnis, Rivera, Lerner & De La Torre and Steven G. Mocarski, Coral Gables, for appellant.
Walton Lantaff Schroeder & Carson and Robert L. Teitler and Robert J. Strunin and Geoffrey Marks, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
LEVY, Judge.
Plaintiff below appeals a Final Judgment, entered after a jury trial, awarding plaintiff damages of $1.00. We reverse.
After developer Continuum VI, Inc. (Continuum) turned over control of a condominium development to appellant Continuum Condominium Association, Inc. (Association), Association experienced certain problems regarding the construction of the condominium, and ultimately brought suit against the appellees herein, the general contractor and the qualifying agent on the project (collectively, Ramsay), and Continuum for damages resulting from the alleged defects. In sum, appellant claimed breaches of warranties, negligence, and violation of the Florida Building Codes Act, Section 553.84, Florida Statutes (1987), and sought to recover the costs of bringing the building into compliance with all building codes and regulations. Continuum settled prior to trial. The action against Ramsay, however, proceeded to a jury trial, wherein appellant introduced extensive expert witness testimony pertaining to the alleged deficiencies and evidence of its own expenditures to correct some of the problems alleged, representing cumulated total damages of approximately $321,000. Although Ramsay offered no evidence at trial in support of a legally recognized defense, Association's motion for directed verdict at the close of appellee's case was denied. The jury ultimately found for appellant on each of the asserted causes of action, but awarded damages of only $1.00. The trial court denied appellant's motion for a new trial on damages (which alleged that the verdict was against the manifest weight of the evidence) and entered the final judgment. This appeal follows.
As a general rule, the jury is charged initially with the obligation of determining the issue of a defendant's liability. If liability is found, the jury is charged next with the responsibility of determining plaintiff's total damages. Upon a review of the record presented, it is clear that the trial judge correctly instructed the jury regarding its responsibilities in this regard:
... But if you find for the condominium Association on any one or all of its claims, you should award an amount of money that the greater weight of the evidence shows will fairly and adequately compensate it for its damages, including such damages as the Association has suffered or is reasonably certain to suffer in the future. You should consider any damage to the Continuum Condominium. The measure of such damages is the reasonable cost of repair or replacement of any defective or damaged building component and, in the case of deviations in existing construction from filed and approved building plans, the reasonable cost of bringing the deviation in compliance with approved plans.
If the jury had followed the Court's instructions and properly discharged its responsibilities, it would have awarded damages in full. Thereafter the *1127 trial judge would have set off Continuum's settlement against the jury's award. While nominal damages can be awarded when a legal wrong has been proven, but the aggrieved party suffered no damages, see Young v. Johnson, 475 So.2d 1309 (Fla. 1st DCA 1985), or where, e.g., a contract has been breached, but for one reason or another recoverable damages were not proven, see Zayre Corp. v. Creech, 497 So.2d 706 (Fla. 4th DCA 1986) (citations omitted), such is not the case here. The record reflects that appellees did not contest appellant's evidence supporting its claim of approximately $321,000 in total damages. Conversely, the record is void of any evidence that would justify the award of only nominal damages. It is apparent that the jury failed to discharge its proper responsibility of determining total damages, thereby acting contrary to the court's instructions. The jury improperly took upon itself the dual responsibilities of establishing the "proper" amount of the set-off and then actually effecting the set-off.
As an alternative argument, appellees urge affirmance by contending that appellant invited any error by advising the jury that the developer had settled prior to trial. We reject this argument. While appellant may have advised the jury that a settlement had been reached, appellant never suggested or implied the actual dollar amount of this settlement. Because the jury apparently set off the award based upon matters not in evidence, the award is, additionally, clearly speculative.
While a motion for new trial is directed to the broad and sound discretion of the trial judge, see Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Surety Mortgage, Inc. v. Equitable Mortgage Resources, Inc., 534 So.2d 780 (Fla. 2d DCA 1988), and his ruling thereon should not be disturbed absent a clear showing of abuse of discretion, Ford Motor Co. at 1342, we nonetheless conclude that the amount of damages awarded herein clearly indicates that the jury failed to properly consider the court's instructions and the evidence before it, that the verdict is against the manifest weight of the evidence, and that the jury was influenced by considerations outside the record. It is the duty of the trial court to grant a new trial where the jury has been deceived as to the force and credibility of the evidence or where, as in the case sub judice, the verdict is against the manifest weight of the evidence or where the jury has been influenced by considerations outside the record. Surety Mortgage at 782.
Thus, the court erred in denying appellant's motion for new trial. In light of the uncontested evidence of appellant's total damages of approximately $321,000, and the jury's finding in appellant's favor on each of the asserted causes of action, the $1.00 damage award is clearly inadequate and cannot stand. See Molinari v. Florida Key Electronic Co-op Ass'n, Inc., 545 So.2d 322 (Fla. 3d DCA 1989) (error to deny motion for new trial where jury awarded zero damages despite finding that appellant's injuries were caused, in part, by appellee's negligence); Surety Mortgage, 534 So.2d at 782 (error to deny motion for new trial where jury found liability and damages but, despite uncontradicted evidence, awarded only nominal damages); Hartsfield v. Orlando Regional Medical Center, 522 So.2d 66 (Fla. 5th DCA 1988) (error to deny motion for new trial where jury awarded zero damages to mother despite existence of clear evidence of reasonably necessary future medical expenses for son); see also Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988) (error to deny motion for new trial where jury's zero verdict was grossly inadequate and totally inconsistent with finding of permanent injury and award of future medical expenses). The jury's damage award of $1.00 in the case sub judice is tantamount to an award of zero damages.
The trial court's denial of appellant's Motion for New Trial is, accordingly, reversed. Lastly, we are faced with a record that suggests that the jury's determination of liability might have been secured as a trade-off; that is, an improper compromise regarding liability in exchange for the jury's challenged finding of only $1.00 in damages. Accordingly, this matter is reversed *1128 and remanded for a new trial on both liability and damages. See Griffis v. Hill, 230 So.2d 143 (Fla. 1969); see also Sharlow v. Freed, 501 So.2d 621 (Fla. 5th DCA 1986).
Reversed and remanded.