636 So.2d 767 (1994)
Hugh T. MALONEY, Appellant,
v.
THERM ALUM INDUSTRIES, CORP., a Florida corporation, and Deuschle Construction Co., a Florida corporation, Appellees.
Nos. 91-3556, 92-0512.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
As Amended on Denial of Clarification, Rehearing, Rehearing and Certification Denied May 18, 1994.
H.T. Maloney, of Patterson & Maloney, Fort Lauderdale, for appellant.
Robert Ader, of Law Offices of Robert Ader, Miami, for appellee Therm Alum Industries, Corp.
Christopher D. Hale, of Deuschle & Associates, P.A., Fort Lauderdale, for appellee Deuschle Const. Co.
As Amended on Denial of Clarification, Rehearing, Rehearing En Banc and Certification Denied May 18, 1994.
HERSEY, Judge.
In this appeal from breach of a construction contract the issue is whether the trial court erred when it failed to grant appellant, the owner, a new trial where the jury found in favor of the owner and against the contractor and subcontractor, appellees, but gave no award of damages. A second issue is whether the subcontractor was entitled to recover damages against the owner for non-payment under a theory of quantum meruit or unjust enrichment. We find error and reverse as to both issues.
*768 Hugh T. Maloney, as owner, entered into a contract with Deuschle Construction Co., as contractor, for the construction of an office building. Deuschle entered into a subcontract with Therm Alum Industries to furnish and install glass walls, windows and doors. Construction was to be completed "as soon as possible" and to be "substantially completed" no later than nine months after beginning construction. This would have been on or about June 10, 1986. Because of problems with ordering and installing the glass there were substantial delays, and the Certificate of Occupancy was not issued until March 5, 1987.
In addition to the construction delays, the owner took the position that there were substantial defects in some of the glass. As a result of the delays and these defects, the owner refused to make final payment under the contract. Both appellees filed claims of lien against the building. The subcontractor thereafter filed a two-count complaint. In one count, against the owner, the subcontractor sought foreclosure of its mechanic's lien. In the other, against the contractor, damages were sought for breach of contract. Both the owner and the contractor filed counterclaims against the subcontractor for breach of contract.
Eventually the contractor and the subcontractor agreed to voluntarily dismiss the complaints and counterclaims against one another and to submit their claims to arbitration. The record does not disclose the status of the arbitration proceedings.
While this litigation was pending the construction lender foreclosed its mortgage, resulting in extinguishment of the mechanic's liens. The subcontractor then amended its pleadings to add a count for quantum meruit against the owner.
The contractor filed a cross-claim against the owner for breach of contract for refusing to make payment. An additional count for foreclosure of its mechanic's lien was rendered moot by foreclosure of the construction mortgage.
In summary, owner sought damages against contractor and subcontractor for delays and for defective performance. Contractor sought payment from owner for the final draw under the construction contract. Subcontractor sought to recover damages against owner on a theory of quantum meruit.
The jury returned a mixed verdict. Finding in favor of owner and against both contractor and subcontractor on owner's cause of action for breach of contract, the jury nevertheless awarded owner zero damages. Moreover, the jury awarded monetary damages to contractor on its claim for breach of contract and to subcontractor on its claim for unjust enrichment. Owner unsuccessfully moved for a new trial, generating this appeal.
The first of three issues presented for our consideration is whether the failure of the jury to award monetary damages against the contractor and the subcontractor in favor of the owner was error. There was substantial, competent evidence that, as a result of delays in the completion of construction, the owner sustained substantial damages by reason of loss of rental income in addition to being required to pay interest on the construction money mortgage for several months longer than originally contemplated. There was also evidence of damages caused by defects in the installed glass lights. While some of the evidence was controverted, the bottom line is that neither the contractor nor the subcontractor sufficiently rebutted the owner's evidence that he suffered some damages, and the verdict of zero damages was therefore inadequate.
An inadequate verdict provides grounds for granting a new trial. Duquette v. Hindman, 152 So.2d 789 (Fla. 1st DCA 1963). In Duquette, the First District said:
Florida adheres to the modern rule, under which relief should be granted where the finding is "grossly" inadequate and the compensation given is entirely disproportionate to the injury which is proved to have been sustained, or when it appears, upon the facts proved that the jury must have omitted to take into consideration some of the elements properly involved in the plaintiff's claim.
Id. at 790. The court went on to quote 9 Fla.Jur., Damages, § 100 with approval:

*769 A verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages, and may be set aside on this ground either on appeal, or by the trial court on motion for a new trial. Such verdicts will not be set aside for the mere reason that they are less than the court thinks they should be  that is, merely because the judge would have awarded a larger amount. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence, or that the jury did not consider all the elements of damage involved, missed a consideration submitted, or failed to discharge their duty as given them by the court's charge.
In Continuum Condominium Ass'n v. Continuum VI, Inc., 549 So.2d 1125 (Fla. 3d DCA 1989), the court reversed a denial of a plaintiff condominium association's motion for a new trial after the jury awarded the plaintiff nominal damages of $1.00 against the condominium's developer and general contractor. The court said:
While a motion for new trial is directed to the broad and sound discretion of the trial judge, and his ruling thereon should not be disturbed absent a clear showing of abuse of discretion, we nonetheless conclude that the amount of damages awarded herein clearly indicates that the jury failed to properly consider the court's instructions and the evidence before it, that the verdict is against the manifest weight of the evidence, and that the jury was influenced by considerations outside the record. It is the duty of the trial court to grant a new trial where ..., as in the case sub judice, the verdict is against the manifest weight of the evidence or where the jury has been influenced by considerations outside the record.
Id. at 1127 (citations omitted). The court then concluded "[i]n light of the uncontested evidence of appellant's total damages of approximately $321,000, and the jury's finding in appellant's favor on each of the asserted causes of action, the $1.00 damage award is clearly inadequate and cannot stand." Id.
In the present case, where the jury chose not to award the owner any damages, the trial court should have granted the owner's motion for a new trial since the verdict is against the manifest weight of the evidence.
We next consider the propriety of the award of damages to the subcontractor based on a theory of quantum meruit. Accepting for the sake of argument that the subcontractor supplied materials and performed services that were a direct benefit to the owner, the question is whether the owner was thereby unjustly enriched. There was no contract between the owner and the subcontractor, rather the subcontractor entered into a direct contractual relationship with the contractor. For work performed, the subcontractor was entitled to receive payment from the contractor. If the contractor had made payment in full, then obviously the owner would not have been "unjustly" enriched. The problem is that we do not know (because the record does not disclose) whether the contractor will be required to fully compensate the subcontractor. We know only that the claim is being or has been submitted to arbitration. Under circumstances such as here where the subcontractor has not exhausted his direct remedy against the contractor, it is premature and therefore improper to permit the subcontractor to pursue an indirect equity claim against the owner. This seems to be an issue of first impression in Florida, but the weight of authority in other jurisdictions supports our determination.
In Tum-A-Lum Lumber v. Patrick, 95 Or. App. 719, 770 P.2d 964 (1989), the defendants entered into a construction contract with a contractor to build a barn on their property. The plaintiff, a lumber supplier, supplied the contractor with the materials to be used in constructing the barn. After partial completion of the barn, the contractor ceased work and the defendants refused to pay for the building materials. The lower tribunal denied the defendants' motion to dismiss. The Court of Appeals of Oregon reversed, saying at 770 P.2d 965:
[A] majority of courts have held that before recovery can be obtained against the landowner, the furnisher of the materials must have exhausted all remedies against the contractor and still remain unpaid.

*770 We adopt the majority rule and hold that under facts such as pled here, a material element that must be alleged and proved for a claim of unjust enrichment to succeed is that the remedies against the contractor were exhausted... . No direct contractual relationship existed between the parties here. For these reasons, a furnisher of materials must exhaust all remedies against the contractor before the "enrichment" can be "unjust".
(Citations omitted.)
In Paschall's Inc. v. Dozier, 219 Tenn. 45, 407 S.W.2d 150, 155 (1966), the Supreme Court of Tennessee said:
[W]here a materialman or subcontractor furnishes labor and materials which benefit the property of a person with whom there is no privity of contract, an action on quantum meruit may lie against the landowner to recover the reasonable value of said labor and materials so furnished.
We wish to make it clear that recovery on such an action may not be had in every instance where a subcontractor or materialman has furnished materials or labor which benefit a third person. Our decision in this case is limited to affirming the propriety of quasi contract as a remedy in such factual situation. Each case must be decided according to the essential elements of quasi contract, to wit: A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.
The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust. Consequently, if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher. Also, we think that before recovery can be had against the landowner on an unjust enrichment theory, the furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services.
The Tennessee court ultimately determined the plaintiff could recover from the property owner with whom it had no contractual privity because the contractor had thwarted the subcontractor's efforts to collect payment by subsequently declaring bankruptcy. See also Idaho Lumber, Inc. v. Buck, 109 Idaho 737, 710 P.2d 647 (App. 1985), quoting the above language from Paschall's.
CONSTRUCTION AND DESIGN LAW, § 8.8C.1 (1989), provides:
Only rarely will a subcontractor be able to recover payment from the owner on the basis of unjust enrichment. Normally, however, the subcontractor is unable to recover for several reasons.
First, the subcontractor may not recover an equitable remedy if he has failed his legal remedies, such as statutory mechanic's liens. The subcontractor may not have exhausted his claims against the general contractor. Defenses known to the general contractor may not be known to the owner. Finally, and perhaps most important, the owner may have paid the general contractor for the work, rendering any argument that the owner has been unjustly enriched highly dubious.
We adopt the rationale exemplified by the foregoing authorities and, applying that rationale here, disapprove the award to the subcontractor based upon quantum meruit.
The final issue has to do with the quantum of evidence supporting the subcontractor's damages, and we find that issue rendered moot by our conclusion that the subcontractor cannot recover on quantum meruit under the circumstances present in this case.
We reverse and remand for a new trial on damages only.
REVERSED AND REMANDED.
ANSTEAD and PARIENTE, JJ., concur.