906 So.2d 1240 (2005)
Harvey GOLDMAN, individually, Appellant,
v.
Bruce BERNSTEIN, individually; Entertainment Equity Corp., an Alberta, Canada corporation; Caribbean Entertainment Partnership, an Alberta Canada corporation; Dean Hamilton Entertainment Venture Capital, Appellees.
No. 4D04-1858.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
Richard A. Kupfer of Richard A. Kupfer, P.A., West Palm Beach, and Mark R. Osherow, Boca Raton, for appellant.
Patrick A. Moran and Ari C. Shapiro of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellee-Bruce Bernstein.
STONE, J.
Goldman, the plaintiff, appeals a jury verdict finding in his favor for breach of *1241 fiduciary duty, but awarding zero damages. The trial court denied a motion for new trial or additur. We reverse.
Goldman and Bernstein were friends. Goldman was interested in investing in a Bernstein project, a reality show being filmed in Puerto Rico, but the minimum financial commitment was too steep. Bernstein, seeking immediate cash in the form of a bridge loan, called Goldman from Puerto Rico and explained that Goldman could get involved by making the loan, for a substantially lesser amount than the original commitment. Goldman agreed and invested $55,000. Of this, Goldman wired the first $15,000 from his account in South Florida, and the balance of $40,000 was forwarded out of his mother's bank account. Goldman flew to Puerto Rico and signed a loan agreement setting out a payment schedule and terms of the loan.
The project failed, and the loan was not repaid. Prior to trial, Goldman made a motion in limine, seeking, in part, to preclude Bernstein from raising the fact that Goldman's mother's account was the source of most of the funds.
Bernstein's position at trial was essentially that Goldman had been born "with a silver spoon in his mouth" and that the funds lost were not his; therefore, even if there was liability, it did not entitle Goldman to monetary damages, as he lost nothing out of his own pocket. Bernstein presented no witnesses. This defense argument as to Goldman's "standing" is the only explanation for the jury's failure to award damages, notwithstanding its finding on liability and the undisputed evidence of loss.
We conclude that the trial court erred by allowing Bernstein to defend on the ground that Goldman obtained his funding from his mother and that the admission of this evidence was the probable cause of jury confusion as to damages. The source of the funds Goldman invested is not probative of whether he suffered a loss. That Goldman got the funds from another source, as opposed to an account in his own name, does not relieve Bernstein of his obligation to pay the damages. Goldman's mother was not a party to the loan contract. Whatever the understanding between the mother and son, it is irrelevant to the issue of the amount of Goldman's damages.
There was no conflicting evidence about the agreement being solely with Goldman and no dispute that the money was received, used, and not repaid. Clearly, if Goldman had obtained the funds from a commercial lender and forwarded them to Bernstein, the source of the money would be irrelevant to the issue of Goldman's damages. There is no reason to treat these circumstances any differently. The zero damage award is patently inadequate.
While inadequate verdicts are not per se improper, and will not be set aside for the "mere reason that they are less than the court thinks they should be," when it is shown that the verdict was the product of a misconception of the law or the evidence, it is appropriate to grant a new trial. Maloney v. Therm Alum. Ind. Corp., 636 So.2d 767, 768-69 (Fla. 4th DCA 1994); see also Avakian v. Burger King Corp., 719 So.2d 342, 343 (Fla. 4th DCA 1998).
We also note that once the trial court denied relief in limine and ruled the evidence admissible, it was not a waiver for Goldman to address the source of the funds on direct examination.
We, therefore, reverse and remand for a new trial as to damages.
SHAHOOD and GROSS, JJ., concur.