484 So.2d 57 (1986)
Theodore A. ROSA, Appellant,
v.
FLORIDA COAST BANK, Appellee.
No. 85-1069.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
Rehearing Denied March 26, 1986.
Paul J. Lane of Paul J. Lane, P.A., Lauderhill, for appellant.
Kevin M. LaMontagne of Thaler & Thaler, Boca Raton, for appellee.
FEDER, RICHARD YALE, Associate Judge.
This is an appeal from a Final Judgment granting the defendant Bank's Motion for Judgment in accordance with its Motion for Directed Verdict and setting aside the Judgment entered following the jury verdicts. The jury returned two separate verdicts in favor of Appellant with respect to Appellant's claims for (a) Breach of Contract, and (b) Intentional Interference with an Advantageous Business Relationship.
This Court affirms the judgment setting aside the verdict on Intentional Interference and reverses the judgment setting aside the verdict on Breach of Contract.
Appellant was the owner of premises where he conducted an active dental practice. In order to know the terms he could offer a prospective purchaser, Appellant contacted the Bank to determine if the mortgage he had assumed when he purchased the property could be assumed by his purchaser. The mortgage contained a *58 Due On Sale clause which provided that the mortgage would be in default if the premises were sold unless the Bank agreed to an assumption. The Bank responded by forwarding a Mortgage Information Statement which outlined the charge for an assumption and defined the conditions under which an assumption would be granted as: "Buyers must complete a commercial property loan application and be qualified by the bank." Testimony of the bank officials corroborated that the Bank was willing to have the mortgage assumed and had communicated its willingness to the Appellant. There was no dispute that the buyers could meet the necessary qualifications.
The Appellant found the Buyers and a binding contract was entered into calling for assumption of the existing 9 1/2% mortgage. While the matter was proceeding, the Appellant closed his office and moved to Kansas. Suddenly the Bank advised that it had changed its policy (no doubt due to the decision holding Due On Sale clauses enforceable) and it would not permit an assumption of the mortgage except at 13% interest. The Appellant, in order to avoid a cancellation of the sale, had to alter the financial arrangements of the sale to his detriment.
A directed verdict can only be granted when it is apparent that there is no evidence in the record on which a jury could lawfully find for the Plaintiff. Stenback v. Racing Associates, Inc., 394 So.2d 1128 (Fla. 4th DCA 1981). The evidence, viewed in the light most favorable to the Appellant, raises sufficient facts and inferences therefrom of which reasonable people could differ as to Breach of Contract and Promissory Estoppel. See Southeastern Sales & Service Co. v. T.T. Watson, Inc., 172 So.2d 239 (Fla. 2d DCA 1965). Since reasonable people could differ, the matter was properly before the jury and their verdict should not be disturbed. Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (Fla. 2d DCA 1964).
As to the second verdict, the Trial Court was eminently correct in setting aside the jury verdict. One of the essential elements of a claim for intentional interference with an advantageous business relationship is that the interference be both direct and intentional. Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980) cert. denied 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980). The record is barren of any such direct, intentional interference. In any event, the Bank's actions did not amount to an independent tort separate from the breach of contract claim. Country Club of Miami Corporation v. McDaniel, 310 So.2d 436 (Fla. 3d DCA 1975).
The matter is AFFIRMED in part and REVERSED in part with directions to reinstate the Verdict and Judgment as to Count I on the Breach of Contract claim.
ANSTEAD and GLICKSTEIN, JJ., concur.