531 So.2d 739 (1988)
FORT LAUDERDALE RIVERWALK PROPERTIES, INC., and Paul M. Marmish, Appellants/Cross Appellees,
v.
Sylvia WHITE, Individually and As Trustee, Appellee/Cross Appellant.
Sylvia WHITE, Appellant,
v.
FORT LAUDERDALE RIVERWALK PROPERTIES, INC., and Paul M. Marmish, Appellees.
Nos. 87-1521, 87-2414.
District Court of Appeal of Florida, Fourth District.
September 14, 1988.
Rehearing Denied October 27, 1988.
*740 Allen P. Reed and Alberto A. Macia of Shea & Gould, Miami, for Fort Lauderdale Riverwalk Properties, Inc. and Paul M. Marmish.
Thomas D. Lardin of Weaver, Weaver & Lardin, P.A., Fort Lauderdale, for Sylvia White.
STONE, Judge.
The defendants appeal a final judgment awarding the plaintiff damages for tortious interference with an advantageous business relationship.
The plaintiff had an option to purchase a parcel of real property, which would expire within a week. She discussed a proposal for the development of the property with a small group of potential buyers or investors, including the defendant. Under the proposal, the plaintiff, who was not a licensed real estate salesperson or broker, would have received an 8% equity interest. The plaintiff does not contend that there was any agreement between herself and the defendant Marmish or any other member of his group.
The elements of a cause of action for intentional interference with an advantageous business relationship are: (1) a business relationship under which the plaintiff has legal rights, (2) intentional and unjustified interference with that relationship, (3) breach of the relationship, and (4) damages. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla. 1985); American Medical International, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla. 1985); Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA), cert. denied, 249 So.2d 36 (Fla. 1971).
We reverse for lack of sufficient proof to sustain a prima facie case. See Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979). There is no evidence in the record of any specific conduct by Marmish that prevented the exercise of plaintiff's option rights. There was no breach by the seller, nor even any effort by Marmish to induce such a breach.
The plaintiff relies on inferences to be drawn from the defendant's conduct in claiming that he induced her into failing to exercise her option rights. She contends that she was entitled to believe that she did not need to take any action to renew her option, or to find other buyers in the short time available, because the defendant asked her for information, without telling her whether or not he was going forward on her proposal, and talked with the seller prior to the expiration of the option. There was no effort on the plaintiff's part to extend the option, nor was the plaintiff negotiating with others at that time. The plaintiff concedes that there would have been no claim of interference if the defendant had told her of his intentions, rather than simply remaining silent.
*741 We note that this is not a case of a buyer and seller attempting to avoid payment of a legitimate broker's commission. Nor is this a suit for breach of contract, or for fraud and deceit. The trial court did direct a verdict on additional counts for civil theft and unjust enrichment.
We conclude that, even considering the evidence in the light most favorable to the plaintiff, the trial court erred in failing to direct a verdict against the plaintiff on the count for tortious interference. The final judgment is, therefore, reversed.
DOWNEY and LETTS, JJ., concur.