UPON MOTIONS FOR REHEARING AND CLARIFICATION
The Motions for Rehearing and Clarification, having been considered in light of the revised opinion, are hereby denied.
REVISED OPINION
[Original Opinion at 13 F.L.W. 1761]
WALDEN, Judge.
The plaintiff/appellant, Michael Stutzke, owns a retail gift fruit shop. The defendant/appellee, D.G.C. Liquidation Company (formerly known as the Deerfield Groves Company) produces and packages grapefruit. In the spring of 1984 Mr. Stutzke entered into an agreement with Deerfield Grove Company giving him the exclusive right to sell their grapefruit at his shop. Mr. Stutzke received two letters which reflected the oral agreement between him and the defendant, Deerfield Groves Company. The first letter dated July 24, 1984 begins, “This letter is to summarize our discussion of July 23, 1984 concerning our business relationship for the up coming season” and ends with, “Michael we are looking forward to doing business with you in the coming season if there are any further details that we have not covered, please let us know.” A second letter dated August 23, 1984 states, “Michael, we at Deerfield Groves Company are looking forward to many years of pleasant and profitable business relations with Tropical Fruit Shop.” It is unclear from the language of these letters what was to be the duration of the agreement.
In early 1985 Deerfield Groves Company began negotiations with David Walker and Sidney Kohl, d/b/a Deerfield Groves Partnership, to sell certain assets of the Deer-field Groves Company, including the “Orchid” label, to them. Prior to the sale of the assets Stutzke asserts that he was assured by the Deerfield Groves Partnership that all obligations and undertakings of the Deerfield Groves Company would be respected and honored by the new owners. The sale of the assets took place in July of 1985. The new owners, Deerfield Groves Partnership, entered into an exclusive agreement with Graves Brothers Company giving them the exclusive right to pack and sell the grapefruit. Graves Brothers Company entered into an agreement with Indian River Citrus Sales, Inc. making them the exclusive marketing agent for Graves Brother Company and the Orchid label.
*899 Thereafter Mr. Stutzke sued D.G.C. Liquidation Company for breach of contract. He also sued David Walker and Sidney Kohl, general partners of Deerfield Grove Partnership, and Graves Brothers Company and Indian River Citrus Sales, Inc. for tortious interference with a business and contractual relationship. The trial court entered summary final judgment in favor of the defendants and Mr. Stutzke appealed. We reverse.
We believe that there were issues of fact which precluded entry of summary final judgment. As to the count for breach of contract, it is unclear from the language of the two letters what was intended to be the duration of the agreement between Stutzke and D.G.C. Liquidation Company. Since there is an ambiguity in the document concerning the duration of the agreement there can be parol evidence submitted as to the intention and meaning of the agreement. The plaintiff, Mr. Stutzke, testified during deposition that the purpose of the second letter was to “map out in writing that I (Stutzke) had the exclusive (contract) — not on a year-to-year basis or let’s-see-how-we-go-through-a-season basis, but as long as I performed.” Mr. Stutzke testified that in reliance on this agreement he established a company called Trade-winds Citrus Corporation in May of 1985 for the purpose of distributing on the wholesale level Orchid brand grapefruit to the South Florida market and thereafter, in June of 1985, he sold the retail store which he had previously operated under the name Tropical Fruit Shop.
This testimony indicates that there is a factual question as to whether the parties here intended to form a business relationship only for the 1984-1985 season or whether, as Stutzke asserts, they were establishing a perpetual agreement subject merely to his meeting minimal purchase requirements. In our opinion, this was an issue which precluded summary judgment. This court has previously held that when a franchise or distributorship contract is silent on the parties’ intent for the duration the agreement, the contract will extend for a reasonable time and the determination of what is a reasonable time is for the jury to make. Burger Chef Systems, Inc. v. Burger Chef of Florida, Inc., 317 So.2d 795 (Fla. 4th DCA 1975). For these reasons we would reverse and remand for a trial upon the merits.
The trial court also granted summary judgment in favor of the defendants Deerfield Groves Partnership, Graves Brothers Company and Indian River Citrus Sales, Inc. on the count against them for tortious interference with Stutzke’s business relationship with Deerfield Groves Company. Mr. Stutzke asserts in the pleadings that he was advised by the defendant, Deerfield Groves Partnership, that all of the obligations and undertakings of D.G.C. Liquidation Company would be respected and honored in the event that the assets of D.G.C. Liquidation Company were sold to Deerfield Groves Partnership. The plaintiff also alleges that prior to consummation of the purchase the Partnership was made privy to the full extent of the agreement between Mr. Stutzke and D.G.C. Liquidation Company. In our opinion there is a genuine issue of material fact as to whether any of these defendants had knowledge of Mr. Stutzke’s business relationship with D.G.C. Liquidation Company when they entered into their various agreements. We acknowledge that a cause of action for tortious interference requires that there be direct, intentional interference. Rosa v. Florida Coast Bank, 484 So.2d 57 (Fla. 4th DCA 1986); Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980). We merely hold that the issues in this case should not have been decided by summary judgment. The questions of whether the Deerfield Groves Partnership, Graves Brothers, or Indian River Citrus Sales had knowledge of Mr. Stutzke’s agreement with Deerfield Groves Company are genuine issues of material fact which precluded summary judgment as to the tortious interference count.
The Appellees also assert that a statement made by Stutzke’s counsel at the hearing on the motions for summary judgment, where he stated that he had no evidence to show that Graves Brothers or *900 Indian River Citrus Sales had any knowledge of Stutzke’s agreement with the company, mandated summary judgment. Although there is apparently no direct evidence of knowledge on the part of Graves Brothers Company and Indian River Citrus Sales the record demonstrates, as indicated above, that there are issues of knowledge which still remain to be resolved.
REVERSED.
DELL, J., concurs.
HERSEY, C.J., dissents with opinion.