557 So.2d 98 (1990)
Edward C. TIETIG, Etc., et al., Appellants,
v.
SOUTHEAST REGIONAL CONSTRUCTION CORPORATION, Appellee.
No. 88-2443.
District Court of Appeal of Florida, Third District.
February 6, 1990.
Rehearing Denied March 23, 1990.
Magill & Lewis and R. Fred Lewis, Miami, for appellants.
Joe N. Unger, Miami, Ullman & Ullman, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
SCHWARTZ, Chief Judge.
The defendants below, Edward C. Tietig, and Edward C. Tietig, P.A., appeal from a judgment entered on a jury verdict for the appellee, Southeast Regional Construction Corporation, in an action based upon an alleged intentional interference with a contractual *99 relationship, a settlement agreement between Southeast and Leadership Housing Systems of Florida, Inc. The judgment is reversed for entry of a judgment in favor of appellants because, for at least three reasons, the appellee's position was fatally defective as a matter of law.[1]
1. The essential basis of the claim against the defendants below, who were respectively one of the appellee's lawyers at the time in question and his P.A., was that they had asserted a claim to an interest in or a charging lien upon the proceeds of the settlement as they were to be received by the appellee. The assertion of such a legal demand was privileged both as a step in a legal proceeding, see, e.g., Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981); cf. Vogel v. Gruaz, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158 (1884), and as an attempt to safeguard Tietig's own economic interest. See Ethyl Corp. v. Balter, 386 So.2d 1220, 1224-26 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981). It was therefore nontortious and cannot be made the subject of an action for interference like this one.
2. It was affirmatively and conclusively demonstrated that Tietig's demands were not the legal nor direct cause of the alleged failure of the agreement between Southeast and its contracting party. Rather, it was effected by Southeast's own agent, Quinn, who made a unilateral and purely voluntary decision not to consummate the deal, although Leadership was entirely ready to do so. The lack of a causal relationship between the alleged "interference" and the failure of the agreement similarly precludes recovery as a matter of law. Fort Lauderdale Riverwalk Properties, Inc. v. White, 531 So.2d 739 (Fla. 4th DCA 1988), review denied, 541 So.2d 1173 (Fla. 1989); Ethyl, 386 So.2d at 1224 ("There is no such thing as a cause of action for interference which is only ... consequentially effected.").
3. Southeast's present cause of action both should have been and was actually asserted as a counterclaim in defense of a Broward County action in which Tietig intervened against Southeast. See Southeast Regional Construction Corp. v. Leadership Housing Systems of Florida, Inc., 454 So.2d 613 (Fla. 4th DCA 1984). The final judgment in that action barred, as res judicata, the subsequent and repetitive assertion of the claim in the instant action. See Signo v. Florida Farm Bureau Casualty Ins. Co., 454 So.2d 3 (Fla. 4th DCA 1984); AGB Oil Co. v. Crystal Exploration and Prod. Co., 406 So.2d 1165 (Fla. 3d DCA 1981), review denied, 413 So.2d 875 (Fla. 1982); see also Catches v. Campbell, 50 So.2d 707 (Fla. 1951).
Reversed and remanded with directions.
NOTES
[1] We need not reach the other grounds advanced for reversal.