571 So.2d 13 (1990)
Harry J. BARKETT and Petroleum Packers, Inc., Appellants,
v.
Charles T. HARDY, Appellee.
No. 89-01509.
District Court of Appeal of Florida, Second District.
June 15, 1990.
Rehearing Denied July 16, 1990.
Todd Alan Fodiman of Wallace, Engels, Pertnoy, Solowsky, Newman & Allen, P.A., Miami, for appellants.
John E. Swisher of Dillinger & Swisher, P.A., St. Petersburg, for appellee.
PATTERSON, Judge.
The defendants below, Barkett and Petroleum Packers, Inc., appeal from a final judgment awarding damages to Hardy in a breach of contract action. We reverse.
The facts of the case, which are somewhat complex, are not relevant because our determination turns solely on questions of law. Petroleum Packers, Inc., was named as a defendant in only one *14 count of a four-count complaint. On that count, the lower court entered judgment for the defendants. Nonetheless, final judgment was entered against Petroleum Packers, Inc., jointly, for damages rendered in the other counts, to which it was not a party. Entering judgment against a defendant not named in the pertinent pleading is clear error. Gruber v. Cobey, 152 Fla. 591, 12 So.2d 461 (1943); Freeman v. Freeman, 447 So.2d 963 (Fla. 1st DCA 1984).
As to defendant Barkett, the lower court predicated liability on a theory of piercing the corporate veil and made the following finding in the final judgment:
In order to successfully pierce the corporate veil, the complaining party must establish that:
1. Corporate formalities were not observed;
2. That the corporation was merely a vehicle for the personal interest of the shareholder of the subsidiary corporations;
3. That the subject corporations lacked equity capital and were, in fact, shells; and
4. That the corporations' affairs were dominated by another person or another entity by virtue of ownership, control and congruency of established goals.
This is not the correct standard. The corporate veil cannot be pierced absent a showing of improper conduct. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984); Steinhardt v. Banks, 511 So.2d 336 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla. 1987). The trial court made no such finding of improper conduct. There being no other basis for liability on the part of Barkett, the judgment must be reversed.
Reversed and remanded with directions to enter judgment for the defendants.
CAMPBELL, C.J., and THREADGILL, J., concur.