PER CURIAM.
We sua sponte consolidate case numbers 90-0073 and 90-0644.
Appellant, Michael Stutzke (hereinafter “Stutzke”), owned a retail fruit gift shop in Palm Beach County. Deerfield Groves Company (now known as DGC Liquidation Company, Inc.) (hereinafter “DGC”), produced and marketed a trademarked brand of grapefruit. Stutzke entered into an oral agreement with DGC for the exclusive right to sell the “Orchid” grapefruit in South Florida.. Less than a year later, DGC entered into a written agreement with Sidney Kohl and David Walker for the sale of all DGC assets. Kohl and Walker then created Deerfield Groves Partnership (hereinafter “DGP”) for the operation of the groves and fruit business. DGP then contracted with Graves Brothers Company, giving them the exclusive right to pack and sell the grapefruit. Graves Brothers Company in turn contracted with Indian River Citrus Sales, Inc., making them their marketing agent for the “Orchid” brand grapefruit.
When notified that his exclusive marketing agreement would not be honored by DGP, Stutzke filed suit claiming, inter alia, breach of contract and conversion against DGC and claiming tortious interference with an advantageous business relationship against DGP, Kohl, Walker, Graves Brothers Company and Indian River Citrus Sales, Inc. The trial court entered summary judgment in favor of all defendants on all counts. This court reversed, determining there to be issues of material fact that precluded summary judgment. See Stutzke v. D.G.C. Liquidation Company, 533 So.2d 897 (Fla. 4th DCA 1988), rev. denied, 542 So.2d 989 (Fla.1989).
On remand, the case was heard by a jury and the trial court then directed a verdict on the tortious interference claim in favor of DGP, Kohl, Walker, Graves Brothers Company and Indian River Citrus Sales, *358 Inc. The claims against DGC for breach of contract and conversion were submitted to the jury. The jury found that the oral agreement between Stutzke and DGC contemplated more than one year in duration, but also found that DGC’s sale of its assets did not constitute a breach of that agreement. The jury found in favor of Stutzke on the conversion claim and awarded him damages of $1,700.00.
Stutzke filed these separate appeals. In case number 90-0073 Stutzke claims that the trial court erred by directing a verdict on the tortious interference claim. He argues that the facts support a cause of action for tortious interference and warrant submission to the jury. We disagree. The evidence does not support a finding of an “intentional and unjustified interference” with Stutzke’s business relationship with DGC especially where the underlying agreement did not extend to DGC’s successors and assigns. See generally Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985) (an essential element of a tortious interference claim is an intentional and unjustified interference by defendant).
In ease number 90-0644 Stutzke contends that the trial court erred in denying his motion for new trial grounded upon the allegation of an inconsistent verdict. Stutzke argues that it is inconsistent to find, on the one hand, the oral agreement contemplated a duration of more than one year, while on the other hand, to find that DGC’s termination of that agreement by its sale of assets did not constitute a material breach. We disagree. The oral agreement provided for DGC’s supply of the trademarked grapefruit to Stutzke allowing him the exclusive rights to the “Orchid” brand in South Florida. The exact terms of the agreement were never memorialized and the jury could have found that DGC had obligations under the agreement so long as they had the means to meet them. There is competent and substantial evidence on the record to support the jury’s finding that while the agreement contemplated more than one year in duration, DGC’s sale of its assets did not constitute a breach of that agreement. See Broward County School Board v. Ruiz, 493 So.2d 474 (Fla. 4th DCA 1986) (where competent and substantial evidence exists supporting jury verdict, verdict should not be reversed on appeal).
On cross-appeal, DGC challenges the judgment for conversion against them. DGC argues that on remand the trial court should not have submitted the conversion claim to the jury because Stutzke had waived this claim by failing to raise it in his initial appeal. We agree. In Stutzke’s appeal from summary judgment he sought review only as to his claims for breach of contract and tortious interference. See generally U.S. Concrete Pipe Company v. Bould, 437 So.2d 1061 (Fla.1983); Tillman v. Smith, 560 So.2d 344 (Fla. 5th DCA 1990); McDonough Power Equipment, Inc. v. Brown, 486 So.2d 609 (Fla. 4th DCA 1986). We reject Stutzke’s contention that he sufficiently raised the issue by general reference in his reply brief. It is clear from the briefs and the opinion from the initial appeal that the appellate court did not consider the conversion claim.
Accordingly, we affirm the trial court’s directed verdict on the tortious interference claim in favor of DGP, Kohl, Walker, Groves Brothers Company and Indian River Citrus Sales, Inc. We also affirm the judgment on jury verdict in favor of DGC on Stutzke’s claim for breach of contract. We reverse, however, the judgment in favor of Stutzke on his conversion claim and remand for the trial court to enter a judgment notwithstanding the verdict in favor of DGC.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
ANSTEAD, DELL and GUNTHER, JJ., concur.