591 So.2d 1063 (1991)
Tanfield C. MILLER and Helen A. Miller, Appellants/Cross Appellees,
v.
Bruce S. SELDEN, M.D., Appellee/Cross Appellant.
No. 90-1338.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Rehearing Denied January 28, 1992.
*1064 M. Stephen Smith and Wendy F. Lumish of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, for appellants/cross appellees.
Lawrence Duffy of Law Offices of Fred C. Cohen, P.A., North Palm Beach, for appellee/cross appellant.
PER CURIAM.
This is an appeal from a final judgment for damages arising out of two separate transactions.
Two physicians, Dr. Walter Fingerer and appellee, Dr. Bruce Selden, formed a professional association (the P.A.) for the practice of medicine. Subsequently, they were joined in that endeavor by Dr. George Roffman. The P.A. hired an attorney, Francis Brogan, and an accounting firm, T.C. Miller & Co. Appellant, Tanfield Miller, the owner of the accounting firm, was hired and paid by the P.A. to do work both for the P.A. and for the doctors individually. Appellant, Helen Miller, is the spouse of Tanfield Miller.
Eventually, Fingerer and Roffman made the decision to oust appellee, Selden, from the P.A. Under the terms of the employment agreements, which each of the doctors entered into with the P.A., certain benefits accrued to each doctor at the end of each employment year, established as June 30th. It was determined to terminate appellee on May 30th in order to avoid the accrual of those benefits to him in the year of termination. After that had been accomplished, appellee sought legal recourse in separate suits against the remaining doctors, the attorney for the P.A., and both Mr. and Mrs. Miller. He obtained favorable settlements in the first two suits.
Against the Millers, appellee alleged that Tanfield Miller gave advice to the P.A. which caused his early termination and consequent financial losses. He sought damages for negligence (count I); intentional interference with an employment contract/business relationship (count II); and, conspiracy to intentionally interfere with an employment contract/business relationship (count III). Two additional counts address a separate transaction.
The trial court found liability on all counts against appellants and entered final judgment accordingly.
The first three counts of the complaint contain allegations relevant to the activities of appellant, Tanfield Miller. There are no allegations of any wrongdoing by appellant, Helen Miller. To that extent the final judgment is erroneous. See Barkett v. Hardy, 571 So.2d 13 (Fla. 2d DCA 1990). This error is conceded by the parties.
In count I of the complaint Selden alleges the negligent performance by Tanfield Miller of his accounting function by reason of a violation of the fiduciary relationship which exists between client and accountant. We need not plumb the depths nor explore the nuances of such a relationship in this case; we will simply assume its existence and the necessary implications.
The specific damages which Selden sought from Miller are the adverse financial consequences resulting from the early termination of his employment by the P.A. The record discloses that early termination was facilitated by changes made in the P.A.'s documentation and the respective employment agreements at the time Roffman became a member of the association. The necessity for making changes was suggested by an employee of Miller's accounting firm. Additionally, the evidence shows that Miller was present during at least one meeting of Fingerer and Roffman and others, where the consequences of early termination of Selden were discussed.
That damages were incurred by Selden is evident. Assuming arguendo, that Miller breached a legal duty to Selden either by participating in conversations where early termination was discussed, or by failing to *1065 warn Selden of his impending termination, or both, the question becomes whether that breach was the proximate cause of the specific damages which Selden seeks to recover in counts I, II, and III.
There is no evidence that Miller advised anyone at any time to terminate Selden's employment early. There is no evidence that Miller had a voice in the management affairs of the professional association. To the contrary, only Fingerer, Roffman and Selden were members and directors of the P.A. It was Fingerer and Roffman who made the decision and who implemented it. There is not even a suggestion in the record that Miller was to benefit financially or in any other way from Selden's early termination, nor, indeed, from his termination at whatever time. All this being so, the element of proximate cause necessary to establish a cause of action for negligence is lacking. To that extent the holding of the trial court is not supported by substantial competent evidence and requires reversal. See Fellows v. Citizens Fed. Sav. & Loan Ass'n of St. Lucie County, 383 So.2d 1140 (Fla. 4th DCA 1980).
A cause of action for intentional interference with contractual relations requires: (1) proof of the existence of a business relationship under which plaintiff has legal rights; (2) the intentional and unjustified interference with that relationship by defendants; and, (3) damage to plaintiff as a result of the breach of the business relationship. Fort Lauderdale Riverwalk Properties, Inc. v. White, 531 So.2d 739 (Fla. 4th DCA 1988), rev. denied, 541 So.2d 1173 (Fla. 1989); Rosa v. Florida Coast Bank, 484 So.2d 57 (Fla. 4th DCA 1986); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA), rev. denied, 392 So.2d 1371 (Fla. 1980), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); Insurance Field Servs. Inc. v. White & White Inspection and Audit Serv., Inc., 384 So.2d 303 (Fla. 5th DCA 1980).
The lack of proximate cause which negates the cause of action for negligence permeates as well the count for intentional interference. In addition, there is no evidence that anything Miller said or did interfered with Selden's employment status with the P.A. In view of the lack of evidentiary support concerning Miller's alleged intentional and unjustified interference with Selden's business relationship, appellee failed to provide sufficient proof to sustain a prima facie case. See White, 531 So.2d at 739; Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979). Because we find no intentional interference, it follows inter alia that there could have been no conspiracy to interfere. See Buckner v. Lower Fla. Keys Hosp. Dist., 403 So.2d 1025 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 463 (Fla. 1982).
Counts IV and V concern a separate transaction in which Selden purchased from the Millers an interest in a limited partnership. The purpose was to acquire tax deductions. Selden made partial payment. The Millers were unable to accomplish transfer of the interest to Selden. Nevertheless, it appears from the following that Selden enjoyed substantial financial benefits from the transaction.
The total purchase price for the fractional interest which Selden was to acquire was to have been $50,000, of which he actually paid $33,500. The balance, owed to a third-party seller, was paid by the Millers. As a result of the anticipated acquisition of this interest, Selden took deductions on his income tax returns for the years 1983, 1984, and 1985 of $80,399. Even if the trial court was correct in comparing the acquisition cost to tax savings (approximately $40,000) rather than to the amount of deductions, Selden still would have suffered no loss (financial or economic) in this transaction. For an investment of $33,500 he received deductions of $80,399, for a tax savings of $40,234. There is no evidence that amended tax returns were filed or are contemplated, nor that the deductions have been disallowed on audit. Consequently, Selden has suffered no money damages resulting from this aborted transaction.
*1066 We have not discussed the issue of set-off because our resolution of the other issues on appeal renders it moot.
We therefore reverse and remand for entry of judgment for appellants on all counts of the complaint.
REVERSED AND REMANDED.
DOWNEY, HERSEY and DELL, JJ., concur.