STONE, Judge.
We reverse a final judgment for Plaintiff on a claim of intentional interference "with an employment relationship. Jarvinen was fired by the general manager of a wholly-owned subsidiary corporation of the Defendant, Hospital Corporation of America. Defendant Dorsette is the hospital administrator and as such was the Plaintiffs supervisor until the subsidiary, HCA Allied Clinical Laboratories, Inc., assumed full management of the hospital laboratory where Jarvinen worked. When Allied took over management, the lab staff was kept on and each employee was placed on a ninety-day probationary term. The validity of this procedure is not at issue. Rather, Appellant’s claim is limited to Dor-sette’s alleged interference with Jarvinen’s employment by Allied.
There is ample record evidence of Dor-sette’s long-standing feelings of hostility towards Jarvinen. Dorsette believed that Jar-vinen could not be trusted because of her testimony, years earlier, in a bitterly fought legal dispute between the hospital and its medical director. That litigation was not finally resolved until a few days before Jarvi-nen was fired.
Jarvinen’s supervisor after the takeover was Julie Pogue. It was her duty to evaluate the lab personnel and report to Allied’s general manager, Dr. Reimer. There is no evidence that Pogue ever spoke with Dorsette during the evaluation process. She recommended that Jarvinen be replaced as the lab manager.
Although Dr. Reimer was aware of Dor-sette’s relationship with Jarvinen, he testified that he fired her based on his own direct knowledge, the report from Pogue, and the advice of Dr. Allred, chief of pathology.
The court erred by failing to grant Defendants’ motion for a directed verdict because Plaintiff presented no evidence that Dorsette directly interfered with her employment by Allied, or directed that anyone else do so. Proof of such interference is indispensable to maintaining an interference claim. See Rosa *304 v. Florida Coast Bank, 484 So.2d 57 (Fla. 4th DCA 1986); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981). See also, Fort Lauderdale Riverwalk Properties, Inc. v. White, 531 So.2d 739 (Fla. 4th DCA 1988), rev. denied, 541 So.2d 1173 (Fla.1989); Lingard v. Kiraly, 110 So.2d 715 (Fla. 3d DCA 1959); Tietig v. Southeast Regional Constr. Corp., 557 So.2d 98 (Fla. 3d DCA 1990).
Certainly there was ample proof that Dor-sette would probably be pleased by Jarvi-nen’s leaving and that the common knowledge of his feelings may have contributed to Allied’s decision. In fact, Pogue’s memo to Reimer, recommending dismissal, specifically recognized that there was no “vote of confidence” on the part of Allred and Dorsette and also cited Jarvinen’s “[h]igh identification with past political and other intrigues which will not be allowed to die as long as she is here.” But there simply was no evidence, other than purely speculative conclusions obtained by building inference upon inference, that Dorsette directed or requested that Jarvinen be fired by Allied. All of the testimony was otherwise, as Pogue said that her recommendation was based on her own observations, and Reimer’s decision was based on the Pogue memo, his own observations, and Dr. Allred’s advice.
All other issues raised on appeal are moot. The judgment is reversed and remanded so that judgment may be entered in favor of Appellants. We also note that we have not considered any question of a qualified privilege as a defense, or whether there is a cause of action for a sole shareholder interfering in an employment decision of its wholly owned subsidiary, as these issues .are not before us.
HERSEY and GLICKSTEIN, JJ., concur.