**Zuri BARNES, Plaintiff,**

v.

**BURGER KING CORPORATION, a Florida corporation, Defendant.**

**Bankruptcy No. 94–0889–CIV.**

United States District Court,
S.D. Florida.

May 24, 1996.

Gallwey, Gillman, Curtis, Vento & Horn, P.A. by Don L. Horn, Miami, Florida, and Whitman Breed Abbott & Morgan, New York City, for Burger King Corporation.

Zarco & Associates, P.A. by Robert Zarco, Robert M. Einhorn, Miami, FL, for Plaintiff.

### ORDER GRANTING MOTION TO DISMISS

UNGARO–BENAGES, District Judge.

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss filed April 8, 1996 (D.E.205) and Defendant's Motion for Oral Argument filed April 29, 1996 (D.E.210).

THIS COURT has considered the Defendant's Motions and the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Dismiss is GRANTED and the Motion for Oral Argument is DENIED AS MOOT for the following reasons.

Defendant has filed a Motion to Dismiss the Plaintiff's remaining claim under the Florida Franchise Act for lack of subject matter jurisdiction on the grounds that Plaintiff, an out of state franchisee, lacks standing to sue under the Act. The civil enforcement provision of the Florida Franchise Act, Fla. Stat. § 817.416(3), provides, in pertinent part: "Any person, who shows in a civil court of law a violation of this section may receive a judgment for all moneys invested in such franchise or distributorship . . ." A "person" is defined under the Act as "an individual, partnership, corporation, association, or other entity *doing business in Florida.*" § 817.416(1)(a) (emphasis added). Defendant alleges that Plaintiff lacks standing to sue under the Act because the franchise at issue in this litigation is located in California such that Plaintiff does not "do business" in Florida and is, therefore, not a "person" within the meaning of the Act who may sue to enforce it. In support of its position, Defendant relies on the decision in *Roasters Corp. v. Robert Francis,* Case No. 94–6928–

CIV–Gonzalez, in which the court dismissed the out-of-state franchisee's claims under the Act on the basis of the reasons set forth in the franchisor's memoranda of law which included claims that the franchisee lacked standing under the Act. The Defendant also cites the legislative history of the Act and case law holding that parties may not agree to subject matter jurisdiction by contract where it is otherwise lacking, in addition to which the Defendant questions the decision in *Burger King Corp. v. Austin*, 805 F.Supp. 1007 (S.D.Fla.1992).

■ At the outset, the Court notes that Defendant files this Motion nearly eight months after the deadline set by this Court for the filing of all motions has passed. *See* Order dated April 5, 1996. Therefore, Plaintiff asserts that the Motion should be denied as untimely. It is well settled that the issue of standing may be addressed by the Court at all stages of the litigation in the interest of judicial economy. *See National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 253–54, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994). Accordingly, the Court finds that the Motion is properly before the Court.

■ Plaintiff urges the Court to follow the decision in *Burger King Corp. v. Austin* in which the court found that by including a choice of law provision in the Franchise Agreement providing that Florida law will govern the Agreement, the parties intended that an out of state franchisee be regarded as doing business in Florida and therefore is entitled to the protections of the Act. 805 F.Supp. at 1022–23. The *Austin* court was concerned that "... any other decision would be unjust." However, this Court does not agree that an injustice will result if the Plaintiff in this case, who was able to pursue other remedies against the Defendant, is unable to seek relief pursuant to the Act. Further, assuming application of the Act to bar Plaintiff's claim can be labeled "unjust", this Court does not agree, on the facts of this case, that the resulting unfairness is legally sufficient to override the parties' clearly stated intent and the plain language of the Act.

■ Well settled principles of Florida contract law mandate that where the plain language of a contract is unambiguous, the provisions of the contract shall be enforced as written in the absence of a showing that they violate public policy. *See Ehrlich v. Barbatsis Holding Co.*, 63 So.2d 911 (Fla. 1953); *Jacksonville Terminal Co. v. Railway Express Agency, Inc.*, 296 F.2d 256 (5th Cir. 1961) (*cert denied* 369 U.S. 860, 82 S.Ct. 949, 8 L.Ed.2d 18 (1962)). The intention of the parties is ascertained from consideration of the entire agreement. *Lalow v. Codomo*, 101 So.2d 390 (Fla.1958). Here, the Agreement contained an unambiguous forum selection provision stating that Agreement would be governed by Florida law. Thus, the parties clearly intended that Florida law would govern the Agreement.

■ Equally well settled is the principle that valid, applicable statutes in effect at the time and in the place that the contract is made and to be performed become a part of the contract as if expressly referred to and incorporated therein. *Humphreys v. State*, 108 Fla. 92, 145 So. 858 (1933); *State ex rel Ellis v. Tampa Waterworks Co.*, 56 Fla. 858, 47 So. 358 (1908). Therefore, the parties' Agreement is subject to the Florida Franchise Act. The plain language of the Act indicates that the Act only applies to "persons" that are "doing business in Florida." § 817.416(1)(a). Plaintiff was not, and does not contend that he was, doing business in Florida. Accordingly, Plaintiff lacks standing under the Act.

■ Once Defendant moved to dismiss Plaintiff's claim under the Act on these grounds, the burden was on the Plaintiff to demonstrate that application of Florida law, specifically the Florida Franchise Act as written, to the Agreement would be contrary to public policy, unconstitutional or otherwise unlawful. Plaintiff has failed to make such a showing. Therefore, the Court finds that, under the facts before it, there is no reason to ignore the plain language of both the contract and the statute. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant's Motion for Oral Argument concerning the Motion to Dismiss is DENIED AS MOOT.

DONE AND ORDERED.