Phillip DICKINSON, Plaintiff,

v.

EXECUTIVE BUSINESS GROUP, INC.,
d/b/a On–Hold International,
Defendant.

No. 96–2651–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 13, 1997.

Jodi Lynn Poythress, Marcadis Gruman
Florida, P.A., Tampa, FL, W. Bradford

Smith, Celedonia & Smith, Houston, TX, Chris M. Vorbeck, Law Offices of Chris M. Vorbeck, P.A., Sarasota, FL, for Plaintiff.

Paul L. Huey, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, Robert Barron Boemer, Liddell Sapp et al., Houston, TX, for Defendant.

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and responses:

- Dkt. 19 Defendant's Motion for Partial Judgment on the Pleadings and supporting memorandum;
- Dkt. 26 Plaintiff's Memorandum of Law in Opposition to Motion for Partial Judgment on the Pleadings.

### FACTUAL BACKGROUND

On or about September 6, 1994, Phillip Dickinson and Executive Business Group, Inc., executed a On–Hold International Franchise Dealer Agreement, pursuant to which Plaintiff became an On–Hold International franchisee. The products and services marketed by the franchisees consist of personalized information or commercial tapes that play over the telephone when a customer is on hold, and the electronic devices necessary to play the tapes.

The Franchise Agreement's forum selection clause stipulates that any legal proceeding arising under the contract must be brought in the Thirteenth Judicial Circuit Court of the State of Florida in Hillsborough County or the United States District Court for the Middle District. In addition, under the Governing Law, Revenue and Process provision on page eight of the contract, the contract states that "the validity, construction, interpretation, and enforceability of this agreement shall be determined and governed by the laws of the State of Florida."

Plaintiff asserted four (4) separate causes of action against Defendant in his complaint: (1) violations of the Texas Deceptive Trade–Consumer Protection Act; (2) fraudulent misrepresentation; (3) negligence and gross negligence; and (4) breach of contract.

### STANDARD OF REVIEW

■ Defendant Executive Business Group, Inc. brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which, in pertinent part, states: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." On a motion for judgment on the pleadings, the Court must review the pleadings in the light most favorable to the nonmovant. The Court may grant the motion only if it appears beyond a doubt that the nonmovant can prove no set of facts in support of his claim which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings. *See Hallberg v. Pasco County, Fla.*, 1996 WL 153673 (M.D.Fla. 1996).

### DISCUSSION

### I. TEXAS STATUTORY CLAIMS

■ Defendant contends that partial judgment on the pleadings as to the Texas Statutory claims should be granted since the choice of law provision executed in the contract requires any lawsuit arising out of the contract to be governed by the laws of the State of Florida. The contract specifically provides, "the validity, construction, interpretation and enforceability of this Agreement shall be determined and governed by the laws of the State of Florida."

Defendant cites two cases in support of its contention of which each hold foreign statutory claims are inapplicable to a lawsuit construed in accordance with the laws of another state. *See Scheck v. Burger King Corp.*, 756 F.Supp. 543, 550 (S.D.Fla.1991); *Burger King Corp. v. Weaver*, 798 F.Supp. 684, 690 (S.D.Fla.1992). In *Scheck*, the court held the Massachusetts Consumer Protection Act inapplicable to the claims of a franchisee since the parties agreed to a choice of law provision providing that Florida law governed the contract. Likewise in *Weaver*, the court held the Montana Unfair Trade Practices Act inapplicable to a lawsuit construed in accordance with the laws of the State of Florida.

■ Plaintiff counters by stating that there is a genuine issue of material fact regarding the Texas Statutory Claims that precludes this Court from granting Defendant's motion for partial judgment on the pleadings. The contract will be governed in accordance with the intent of the parties absent any evidence of fraud or unequal bargaining power that would undermine the validity of the choice of law provision, *See Scheck*, 756 F.Supp. at 546; *Weaver*, 798 F.Supp. at 687. Plaintiff argues that in the case at bar, unlike *Scheck* and *Weaver*, Plaintiff alleged negligent and fraudulent misrepresentation by Defendant. However, these allegations were not made regarding the choice of law provision.

In addition, Plaintiff asserts that in light of *Burger King Corp. v. Austin*, 805 F.Supp. 1007 (S.D.Fla.1992), Plaintiff would have a cause of action against Defendant under the Florida Franchise Act. In *Austin*, the court reasoned,

> If we were now to state that· the Florida Franchise Act is inapplicable to a dispute between a Florida franchiser and a non-Florida resident franchisee, non-Florida resident franchisees would be afforded no protection beyond common law remedies, regardless of whether or not their home state or Florida provided such protection.

*See Austin*, 805 F.Supp. at 1023.

Conversely, in *Barnes v. Burger King Corp.*, 932 F.Supp. 1441, 1442–43 (S.D.Fla.1996), the court held the Florida Franchise Act inapplicable to out-of-state franchises.

Plaintiff concludes by stating that if this Court finds Plaintiff does not have a claim under Texas law, but does under the Florida Franchise Act or other federal law provisions, then Plaintiff should be granted leave to amend its statutory claim. *See Baird v. Continental Insurance Co.*, 237 So.2d 206 (Fla. 4th DCA 1970); *Bradham v. Hayes Enterprises. Inc.*, 306 So.2d 568 (Fla. 1st DCA 1975).

■ This Court finds that the choice of law provision in the On–Hold International franchise agreement renders the franchisee's home state franchise act inapplicable to the dispute between Plaintiff · and Defendant. This Court also finds that Plaintiff may have a·valid claim under the Florida Franchise

Act, and that leave to amend should be freely given when, as in the case at bar, justice so requires.

## II. PLAINTIFF'S TORT CLAIMS

■ Defendant contends that partial judgment on the pleadings should be granted as to Plaintiff's tort claims since both theories in tort fail to state a cause of action under Florida law. As to Plaintiff's negligence and gross negligence claims, Defendant argues that since Plaintiff alleges no tort independent. of the breach of contract claim, Florida's economic loss rule bar's Plaintiff's negligence claims. *See. AFM Corp. v. Southern Bell Telephone & Telegraph Co.*, 515 So.2d 180 (Fla.1987) (holding that a purchaser of services cannot recover purely economic damages in tort unless the other parties conduct establishes a tort independent from the breach of contract). Defendant further argues that Plaintiff alleges no personal injury or damage to other property, and only seeks economic damages. ·However, to state a cause of action for negligence Plaintiff must plead a tort independent of the contract. Defendant concludes stating that each of the duties Plaintiff asserts in support of its negligence claims are the duties specifically required by the Franchise Agreement.

■ As to Plaintiff's claim of fraudulent misrepresentation, Defendant contends that the economic loss rule bars the claim because it is premised on the Franchise Agreement. A claim for fraudulent misrepresentation inducement can be a independent tort and not be barred by the economic loss rule. *See HTP, Ltd. v. Lineas Aereas Costarricenses*, 685 So.2d 1238 (Fla.1996). However, the critical distinction lies between the alleged fraud in the inducement and alleged fraud in the performance of the contract. *See id.* at 1240. The Florida Supreme Court opined that the latter kind of fraudulent misrepresentation relates to performance of the contract and does not give rise to an independent cause of action. *See id.*

.In *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So.2d 74 (Fla. 3d DCA 1997), the court held that the economic loss rule barred plaintiff's claim for fraudulent in-

**1398**

ducement. In doing so, the court opined that plaintiff's fraud claim was related to performance of the contract and thus did not give rise to an independent cause of action. *See id.* The court noted that "a critical distinction must be made where the alleged fraudulent misrepresentations are inseparably embodied in the parties' subsequent agreement." *See id.* at 77. Defendant argues that, as in *Hotels of Key Largo,* Plaintiff's alleged fraudulent misrepresentations relate to performance of the contract and not to any extraneous, unrelated misrepresentations that could give rise to an independent tort.

Plaintiff counters by stating that its claims for negligence and gross negligence state a claim for negligent misrepresentation which is tantamount to actionable fraud. *See Ostreyko v. B.C. Morton Organization,* 310 So.2d 316, 318 (Fla. 3d DCA 1975). Therefore, Plaintiff contends its claims are not barred by the economic loss rule. In addition, Plaintiff argues that the issue of whether Florida or Texas law applies to Plaintiff's tort claims has not yet been decided and therefore Florida's economic loss rule may not even apply.

 In *Burger King Corp. v. Austin,* 805 F.Supp. 1007, 1012 (S.D.Fla.1992), the court held that "[c]laims arising in tort are not ordinarily controlled by a contractual choice of law provision.... Rather, they are decided according to the law of the forum state." *See Sutter Home Winery, Inc. v. Vintage Selections, Ltd.,* 971 F.2d 401, 407 (9th Cir. 1992). In Florida, the courts apply the "most significant relationship test" to determine which state's law applies to tort claims. *See Garcia v. Public Health Trust,* 841 F.2d 1062, 1064–65 (11th Cir.1988). Plaintiff argues that in viewing the pleadings in the light most favorable to the non-moving party, the facts show that Texas has the most significant relationship to the parties, and therefore Florida's economic loss rule is inapplicable.

In any event, Plaintiff contends that the pleadings alone are insufficient for the court to make factual determinations regarding the exact nature and extent of Defendant's fraudulent representations. Plaintiff argues these representations include additional written materials outside the provisions of the contract such as Defendant's projected sales figures and information package.

This Court finds that Plaintiff's claims of negligence and gross negligence arise under the Franchise Agreement. In addition, the Court finds that the facts necessary to establish the negligence and gross negligence claims are identical to the underlying facts and circumstances of the breach of contract action. This Court also finds that Plaintiff's claim of fraudulent misrepresentation, which has not been disputed by Defendant, indicates that there are genuine issues of material fact. In viewing the pleadings in the light most favorable to Plaintiff, Florida law would not apply to either of Plaintiff's tort claims, and therefore Plaintiff's claims would not be barred by the economic loss rule. According, it is

**ORDERED** that the Motion for Judgment on the Pleadings is **granted** as to Plaintiff's Texas Statutory Claims, with leave to file an amended complaint within ten days, and **denied** with regard to Plaintiff's tort claims.