**MIDLAND MANAGEMENT, LLC, Plaintiff,**

v.

**BURGER KING CORPORATION, Defendant.**

No. 00–3789.

United States District Court, S.D. Florida, Miami Division.

Dec. 28, 2001.

---

**ORDER GRANTING SUMMARY
JUDGMENT ON COUNTS I,
II, III, IV AND V**

KING, District Judge.

THIS CAUSE comes before the Court upon the Defendant Burger King Corporation Motion for Summary Judgment on Counts I–V filed May 1, 2001. Plaintiff Midland Management, LLC filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on July 9, 2001. Defendant Burger King Corporation filed a Reply Memorandum in Support of Motion for Summary Judgment on Counts I–V of Plaintiff Midland Management LLC's Complaint on July 27, 2001. The Court heard oral arguments on Defendant Burger King Corporation's Motion for Summary Judgment and Plaintiff Midland Management, LLC' responses thereto on September 26, 2001.

## I. Background Facts

Plaintiff Midland Management LLC ("Midland") commenced this instant six-count action on October 10, 2000 against Defendant Burger King Corporation ("BKC"). Plaintiff Midland seeks declaratory judgment in Count I and injunctive relief in Count II. Plaintiff Midland also alleges breach of contract in Count III, violation of the California Franchise Relations Act in Count IV, violation of the California Constitution and the Unruh Civil Rights Act in Count V, and interference with contractual advantage in Count VI. Plaintiff Midland purchased the Burger King Madera franchise with less than four years remaining before termination of the franchise agreement and without any assurance of renewal by Defendant BKC. Plaintiff Midland signed a Replacement Franchise Addendum to the Madera Franchise Agreement, which stated that the franchise agreement will expire in October 2000 and that there was no assurance of renewal. (*See* Pl.'s Statement of Fact at 2.) It is undisputed that Plaintiff Midland was late in making payments to Defendant BKC. (*See* Pl.'s Opp'n at 5; Pl.'s App. 38–41.) Further, Plaintiff Midland did not make timely lighting improvements. In relevant part, paragraph 17 of the Franchise Agreement provides that:

> B. FRANCHISEE, at the time of the Notice and at the time of the expiration of the Term of this Agreement, is not in default of and has substantially complied with the terms and conditions of this Agreement, is not in default of and has substantially complied with the terms and conditions of the Agreement consistently and throughout its Term, including but not limited to the following: (1) FRANCHISEE has operated the Franchised Restaurant in accordance with the terms and conditions of this Agreement, including, but not limited to, operating the Franchised Restaurant in compliance with the operating standards and specifications established from time to time by BKC as to quality of service, cleanliness, health and sanitation; (2) FRANCHISEE has satisfied, in a timely fashion, all financial obligations in accordance with the terms and conditions of this Agreement; (3) FRANCHISEE has maintained, improved, altered, replaces and remodeled the Franchised Restaurant including without limitation the building, premises, signs and equipment throughout the Term of this Agreement in accordance with the terms and conditions of this Agreement.

## II. Standard of Review

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. *Id.* at 251, 106 S.Ct. 2505.

The moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir.1993). To meet this

burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 919. However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505.

## III. Discussion

### A. California Statutory Claims (Counts I, II, IV and V)

■ Defendant BKC asserts that Plaintiff Midland's claims under California statutes in Counts I, II, IV and V are barred by the choice of law provision in the Franchise Agreement. The choice of law provision in the Franchise Agreement provides that "[t]he parties agree that it [Franchise Agreement] shall be deemed made and entered into in the State of Florida and shall be governed and construed under and in accordance with the laws of the State of Florida." (Def.App., Franchise Agreement, at 104.) The Court finds that the choice of law provision in the Franchise Agreement valid and that Florida law governs this instant case. Therefore, Plaintiff Midland's claims based upon California statutes are inapplicable to the dispute arising from the Franchise Agreement to be construed in accordance with Florida law. *See Burger King Corp. v. Weaver*, 798 F.Supp. 684, 690 (S.D.Fla.1992) *aff'd*, 169 F.3d 1310 (11th Cir.1999); *Scheck v. Burger King Corp.*, 756 F.Supp. 543, 550 (S.D.Fla.1991); *Dickinson v. Executive*

*Business Group, Inc.*, 983 F.Supp. 1395 (M.D.Fla.1997). Consequently, Plaintiff Midland's statutory claims pursuant to California law in Counts I, II, IV and V fail and are dismissed.

■ As previously discussed, the Court found that Plaintiff Midland's statutory claims are inapplicable to the instant dispute between the parties arising from the Franchise Agreement. Further, the Court finds that Count IV for violation of the California Franchise Relations Act ("CFRA") fails as a matter as law because the CFRA only applies "to franchises granted or renewed on or after January 1, 1981...." California Business & Professions Code § 20041. In the instant case, the Madera Franchise Agreement was granted in October 1980 for a twenty (20) year term, which was before the CFRA became effective in 1981. Thus, Plaintiff Midland does not have a valid claim under the CFRA.

■ The Court also finds that Plaintiff Midland's claim under the Unruh Act fails as matter of law as well. Defendant BKC argues that Plaintiff Midland has failed to refute its undisputed proffered reasons (i.e., failure to make timely payments and to make lighting repairs) to warrant denying summary judgment in Defendant BKC's favor on the Unruh Act claim. In response, Plaintiff Midland asserts that Defendant BKC has acted with racial and/or national origin animus by refusing to renew the Franchise Agreement, refusing to recognize Norris Scott as an owner of Midland and forcing the closure of the Madera restaurant. However, Plaintiff Midland has failed to introduce any evidence that Defendant BKC acted with racial animus in its decision not to renew the Franchise Agreement. Thus, Plaintiff Midland's allegations and mere speculations do not refute Defendant BKC's legitimate reason for not renewing the

Franchise Agreement. Plaintiff Midland's failure to create a material issue of fact by not presenting any evidence demonstrating racial animus by Defendant BKC besides the parties' racial ancestry is insufficient to preclude the granting of summary judgment in Defendant BKC's favor. *See Reyes v. Atlantic Richfield Co.,* 12 F.3d 1464, 1471 (9th Cir.1993) (holding that the granting of summary judgment in favor of defendant of Unruh Act claim was appropriate even though plaintiff submitted small "bits" of evidence of racial basis by defendant where the defendant has proffered legitimate reason).

## B. Common Law Claim (Counts III and VI)

### 1. Breach of Contract

■ Defendant BKC contends that it is entitled to summary judgment on the breach of contract claim in Count III because it is undisputed that Plaintiff Midland did not comply with all of the conditions precedent to renewal of the Franchise Agreement. The Court finds that there is no dispute that Plaintiff Midland breached the Franchise Agreement by failing to make timely payments and lighting repairs. In response, Plaintiff Midland contends that the Settlement Agreement entered in February 1999 released any claim Defendant Burger King had against it for any breach of the Franchise Agreement. The Court finds that Plaintiff Midland's reliance on the Settlement Agreement is misplaced and rejects its broad interpretation of the Settlement Agreement. *See Allapattah Services, Inc. v. Exxon Corp.,* 188 F.R.D. 667, 682 (S.D.Fla.1999). The Settlement Agreement was entered into by the parties as a resolution of the civil action, *Burger King Corporation v. Midland Management, L.L.C., Pochin Michael Hsu, Ming Yu Hsu and Paul Hsu,* Case No. 98–2130–Civ–Moreno, initiated by

Defendant BKC against Plaintiff Midland for failing to make required lighting repairs. The Settlement Agreement released any potential claim that Defendant Burger King had against Plaintiff Midland for any breach of the Franchise Agreement. However, the Settlement Agreement did not alter the terms of the Franchise Agreement with respect to renewal. Therefore, the Court rejects Plaintiff Midland's contention that the Settlement Agreement altered the terms and conditions for renewal. Defendant BKC had a legal right not to renew the Franchise Agreement because of Plaintiff Midland's breaches of the Franchise Agreement. Further, Plaintiff Midland's allegations that Defendant BKC's actions based on racial animus led to its breach is immaterial since Plaintiff Midland's failure to make timely payments constituted a material breach of the Franchise Agreement. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1309 (11th Cir. 1998). Therefore, the Court concludes that Defendant BKC is entitled to summary judgment in its favor on Count III for breach of contract.

### 2. Intentional Interference with Contractual Relations

■ In Count VI, Plaintiff Midland alleges that Defendant BKC intentionally interfered with its contractual advantage. Although Plaintiff Midland brings this claim under California common law, the Court must apply Florida common law to interpret Plaintiff Midland's claim for intentional interference with contractual relations. To make a cause of action for the intentional interference with contractual relations under Florida law, a party must show "(1) proof of the existence of a business relationship under which plaintiff has legal rights; (2) the intentional and unjustified interference with that relationship by defendant; and, (3) damage to plaintiff as

a result of the breach of the business relationship." *Miller v. Selden,* 591 So.2d 1063, 1065 (Fla.App. 4 Dist.1991). The Court finds that Plaintiff Midland has failed to make a cause of action for the intentional interference with contractual relations under Florida law. In particular, Plaintiff Midland has failed to show how Defendant BKC intentionally and unjustifiably interfered with its business relations and how it suffered any damage as a result of the alleged intentional interference with those relations. Further, the Court questions whether Plaintiff Midland even has a valid cause of action for intentional interference with contractual relations under Florida law since Defendant BKC may be considered a party to the various contracts allegedly interfered with by Defendant BKC. *See Hall v. Burger King Corp.,* 912 F.Supp. 1509, 1528–1529 (S.D.Fla.1995).

## C. California Constitutional Claim

 Defendant BKC asserts that Plaintiff Midland has failed to make a claim under the California Constitution. First, Defendant BKC contends that article 1, section 8 of the California Constitution only applies to employee discrimination and not to independent contractor relationships. *See Sistare–Meyer v. Young Men's Christian Ass'n of Metro. Los Angeles,* 58 Cal.App.4th 10, 67 Cal.Rptr.2d 840, 845 (1997). On the other hand, Plaintiff Midland claims that *Sistare–Meyer* case does not address the issue of whether article 1, section 8 of the California Constitution applies to independent contractors. However, the Court finds *Sistare–Meyer* applicable to the instant case and concludes that article 1, section 8 of the California Constitution does not permit discrimination claims by independent contractors such as Plaintiff Midland. *See Sistare–Meyer,* 67 Cal.Rptr.2d at 845.

## IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion for Summary Judgment on Counts I–V be, and the same is hereby, GRANTED. It is further

ORDERED and ADJUDGED that Counts I, II, III, IV and V are DISMISSED with prejudice and Count VI is DISMISSED without prejudice. It is further

ORDERED and ADJUDGED that the Court retains jurisdiction to award fees and costs, if any are properly sought.